HEMENWAY, Respondent, vs. BEECHER and wife, Respond-
ents, and AMERICAN BANK TRUST COMPANY, Appellant.

*April 20—May 11, 1909.*

*Novation: Essential elements: Substitution of debtor: Judgments:
Pleading: Sufficiency to charge new debtor.*

1.  The essentials of a novation are a mutual agreement to which the
    creditor, the old debtor, and the new debtor assent, by which
    the old obligation is extinguished and a new and valid obliga-
    tion is created and takes its place.
2.  Where a debtor transferred to a third person real and personal
    property, in consideration of which the third person agreed to
    pay his debt, and thereafter the debtor went to the creditor and
    told him of the arrangement, to which the creditor assented and
    agreed to accept the third person as obligor for the debt and
    release the debtor, the transaction constitutes a novation.
3.  In an action at law on a promissory note, where the plaintiff
    brings in a third person whom the defendant alleges had as-
    sumed the debt for a consideration, and by the amended com-
    plaint, containing a complete copy of the defendant's answer,
    apprised the third person of the claim he must prepare to meet,
    in the absence of a motion under sec. 2656a, Stats. (1898), for
    further pleadings, the issue is sufficiently framed to warrant
    overruling an objection that a novation was not alleged in the
    complaint.

APPEAL from a judgment of the circuit court for Bayfield
county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The plaintiff brought action in the municipal court of Bay-
field county against the defendant *Beecher* and his wife upon
a promissory note for $55. The *Beechers* answered admit-
ting the execution and delivery of the note, but claiming that
thereafter the *American Bank Trust Company,* an Iowa cor-
poration, agreed for value to pay the note, and that plaintiff
thereupon released the defendants from liability. The de-
fendants had judgment in the municipal court and the plaint-
iff thereupon appealed to the circuit court and made applica-
tion to the latter court that the *American Bank Trust Com-*

*pany* be brought in as a party defendant. The application was based on an affidavit of plaintiff's attorney, stating the claims made by the *Beechers,* and denying that he agreed to the alleged novation, but claiming that a complete determination of the controversy could not be had without the presence of the trust company as a party. The motion was granted, the trust company made a party defendant, and the plaintiff ordered to serve an amended complaint. The amended complaint, after alleging the execution, delivery, and nonpayment of the note, set forth in full the answer made by the defendants *Beecher* in the municipal court, and then alleged that the plaintiff had no knowledge of the novation claimed by the *Beechers,* and denied that he ever released them from liability, but that he was unable to determine which of the defendants was liable on the note, and demanded judgment against such defendant or defendants as the court or jury should determine to be liable on the note. The trust company answered the amended complaint, denying any knowledge as to the execution or existence of the note, and further denying each and every allegation of the amended complaint. No further pleadings were served or filed. At the opening of the trial' the trust company objected to any evidence tending to charge it with liability on the note, because no claim or cause of action was stated against it in the complaint, but the objection was overruled. The jury by special verdict found (1) that there was $90.57 due on the note; (2) that the defendant *American Bank Trust Company* promised for value to pay the note; (3) that the plaintiff, *Hemenway,* agreed with the defendant *F. E. Beecher* to accept the trust company for the payment of the note; (4) that *Hemenway* also agreed to release *Beecher* from all liability on the note. Motions to set aside the verdict and for judgment for the defendant trust company notwithstanding the verdict were overruled, and judgment rendered against the trust company for the amount of the note and costs, from which judgment the trust company appeals.

*John Walsh,* for the appellant.

For the respondents there was a brief by *A. W. McLeod,* attorney for the plaintiff, *Hemenway,* and *E. C. Alvord,* attorney for the defendants *Beecher;* and the cause was argued orally by *Mr. McLeod.*

WINSLOW, C. J.   Two claims are made by the appellant trust company upon this appeal, viz.: (1) That there was no sufficient proof of a contract of novation; and (2) that there could be no judgment rendered against the trust company because there was no allegation in the complaint that it ever promised or agreed to pay the note.

As to the claim that there was no evidence of a contract of novation, we think it clear that it must be overruled.   The defendant *F. E. Beecher* testified that he transferred to the company certain property, real and personal, together with some money, and that the company, in consideration thereof, not only agreed to pay off certain chattel mortgages upon the personal property, but also agreed to pay the note in suit. He further testified that shortly afterward he went to the plaintiff and told him of the arrangement and that the plaintiff said it was all right, that he would accept the defendant company as payor of the note and release *Beecher.*   This testimony tended to prove all the essential facts necessary to constitute a novation, namely, a mutual agreement to which the creditor, the old debtor, and the new debtor assent, by which the old obligation is extinguished and a new and valid obligation is created and takes its place.   *Bohn Mfg. Co. v. Reif,* 116 Wis. 471, 93 N. W. 466.

The claim that no judgment could be rendered against the appellant because there was no charge of novation in the complaint must also be overruled.   Sec. 2610, Stats. (1898), relating to the interpleading of additional parties, and sec. 2656a of the same Statutes, relating to cross-complaints and proceedings where controversies arise between defendants, are very broad in their terms and were intended to give courts

plenary powers not only to call in new parties, but to mould
the pleadings and dispose of all branches of a controversy in
one action after having obtained jurisdiction of the necessary
parties.    The idea in both sections is to enable the court to
grasp all the issues germane to the main controversy, whether
arising between the plaintiff and the defendant, or between
defendants, or between a defendant and an outside party, and
dispose of them in one and the same action, and thus avoid
circuity of action and multiplicity of suits.    This purpose
should be encouraged rather than discouraged by the courts.
It is in line with the idea that courts are formed to decide con-
troversies without unnecessary delay and without undue re-
finement as to pleading or procedure so long as the parties are
before the court and the issues understood.    It is true that the
court has held that, in a purely legal action to obtain only a
money judgment, the plaintiff cannot be compelled to bring in
other parties than the one he has chosen to sue.    *Taylor v.
Matleson,* 86 Wis. 113, 56 N. W. 829.    No such question is
presented here.    In the present case the plaintiff himself chose
to bring in another party whom the defendant claimed had
assumed the debt for a consideration.    Had he not brought
in this third party, and had the defendant's allegations been
proven to the satisfaction of the jury, the plaintiff would
have been obliged to go out of court and commence a second
action against such third person, perhaps to be defeated in
that action also.    It seems that he should have the privilege,
if he chooses, thus to settle the entire controversy in one ac-
tion and avoid the necessity of two actions and the possibility
of contradictory results.

Doubtless, under sec. 2656a, the court should have directed
the defendants *Beecher* to serve an answer or cross-complaint
on the appellant and required the appellant to answer thereto,
because the real issue of fact in the case was between the de-
fendants *Beecher* on the one side, alleging novation, and the
appellant and the plaintiff on the other, denying any nova-

tion.   This procedure would have been the more orderly, but the omission is not fatal, at least under the circumstances here present.   The plaintiff's amended complaint contained a complete copy of the defendants' answer, thus apprising appellant of the claim which he must prepare to meet.   This was served on the appellant and he answered thereto without objection.   No motion was made by any one for any further pleadings.   All parties came to the trial knowing the issues which they were expected to meet.   Looking at matters of substance rather than of form, we cannot but regard the issue as quite fully made up, and therefore we think that the court rightly overruled the appellant's objection made at the opening of the trial.

   *By the Court.*—Judgment affirmed.