CONWAY, Appellant, vs. ZENDER and others, Respondents.

*September 18—October 7, 1913.*

*Associations: Partnerships: Note given to partner: Indorsement by other partners: Enforcement: Parties.*

1. An unincorporated association which was in legal effect a partnership having given its note indorsed by several of its members individually to another member for moneys advanced by him to pay debts of the association, and in an action by him against such indorsers defendants having by counterclaim alleged that the debts of the association exceeded its assets and prayed that a receiver be appointed and the business closed up, good administration requires that the other members of the partnership be brought in as parties and that all matters in difference growing out of the partnership be tried out and settled,—this being the spirit if not the imperative requirement of sec. 2610, Stats.

[2. Whether the payee in such a note could recover upon the contract of indorsement made by the partners individually, regardless of the condition of the partnership affairs, not determined.]

APPEAL from a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Reversed.*

This is an action by the payee against the indorsers of a negotiable note. The note was given by the Moose Lake Fishing Club, a voluntary association, of which both plaintiff and defendants are members, for moneys advanced by plaintiff to pay certain debts of the club. It was indorsed by the defendants before delivery to the plaintiff. All parties supposed at the time that the club was a corporation, but it was not so in fact. The defendants, by counterclaim, alleged that the business of the club was unsettled, that it owed debts amounting to more than $1,100 and exceeding its assets, and demanded that an accounting be had, a receiver appointed, the assets collected, and the business closed up. The trial court held that the club was in effect a partnership, that the plaintiff was himself responsible for the payment of the note along with his copartners, and could not recover against the indorsers of a note which he himself had breached. The action was dismissed, and the plaintiff appeals.

For the appellant there was a brief by *Wm. Underhill Moore,* of counsel, and *Riley & Ford,* attorneys, and oral argument by *Mr. Moore.*

For the respondents there was a brief by *Brown, Pradt & Genrich,* and oral argument by *L. A. Pradt* and *F. W. Genrich.*

Winslow, C. J. The parties agree that the unincorporated association which gave the note was in legal effect a partnership, and the plaintiff admits that no action at law to recover on the note could be brought against the club, but only an action in equity in which the equities of the parties should be worked out.

This action, however, is brought against the indorsers only who have personally bound themselves to pay the note, and the plaintiff makes a strong argument in favor of the proposition that under the rule laid down in *Sprout v. Crowley,* 30 Wis. 187, and cases following that case, there may be a re-

covery on the contract of indorsement made by these five copartners individually, regardless of the condition of the partnership affairs.

The writer of this opinion has been inclined to agree with this view of the law, but the court is of the opinion that it is not necessary or expedient to decide this question at this time, and therefore no opinion is now expressed upon it. It is considered by the court that when a situation of this kind develops, especially in a trial before the court, good administration requires that the other members of the partnership be brought in as parties by order of the court, and all matters in difference between the parties growing out of the partnership be tried out and settled, to the end that there be an end of litigation as speedily as possible. This is the spirit if not the imperative requirement of sec. 2610, Stats. 1911, and it is in accord with recent legislation intended to promote efficient and prompt disposition of legal controversies. In such enlarged action the rights of all parties can be fully worked out and protected, including the right of the plaintiff against the five defendants now before the court arising out of their contract of indorsement. To such an action there will be no aftermath. When final judgment is rendered in it the parties need only to conform to its provisions to finally close all controversies between them arising out of the affairs of the club.

*By the Court.*—Judgment reversed, and action remanded for further proceedings in accordance with law.

SIEBECKER, J., took no part.

A motion by the respondents to modify the judgment of this court by adding thereto a provision either that such judgment shall be without costs to either party or that the costs shall abide the action, was denied November 18, 1913.