BURKHARDT MILLING & ELECTRIC POWER COMPANY, Respondent, vs. CITY OF HUDSON, Appellant.

*December 8, 1915—February 22, 1916.*

*Taxation: Recovery of illegal taxes: Payment of more than equitable share: Parties: Pleading: Public utility in several districts: Apportionment of assessed valuation: Proper ratio.*

1. An electric light and power company whose property and business extends into two or more taxing districts cannot maintain an action under sec. 1164, Stats., to recover a part of the taxes paid by it in one of such districts, on the ground that such taxes were based upon an improper apportionment among the districts of the assessed valuation of its property, unless it shall appear, not only that the company paid to the defendant more than the latter's just portion of the whole tax, but also that—because of the higher rate in the defendant district, or for some other reason—the whole amount of the taxes paid by the company in all the districts was increased by such improper apportionment.

2. All of the taxing districts interested in the apportionment should be made parties to such an action, so that the whole controversy may be disposed of therein.

3. The objection that there is defect of parties may be taken by answer.

4. Under sec. 1037c, Stats. 1911, where the property or business of a public utility mentioned in sec. 1037a extends into two or more taxing districts the ratio by which the proportion of the assessed valuation properly belonging to each district is to be determined is that expressed by taking as the numerator the sum of the property located and the business transacted in the district in question and as the denominator the total of the property and business in all the districts.

SIEBECKER, J., WINSLOW, C. J., and MARSHALL, J., dissent.

APPEAL from a judgment of the circuit court for St. Croix county: GEORGE THOMPSON, Circuit Judge. *Reversed.*

This action was brought in the county court of St. Croix county, appealed to the circuit court for St. Croix county, and tried *de novo* there.

The amended complaint set up the ownership of the electric light and power plant situated in four districts, viz. city of *Hudson,* village of North Hudson, town of Hudson, and town of St. Joseph; that the assessors of the four districts met and assessed the total value of the property at $75,000 and apportioned the property among the four districts. The apportionment is set out at length and will be stated hereafter in the stipulated facts. It is also alleged that the rate of taxation in the city of *Hudson* for 1913 was thirty-two and one-half mills, in the town of Hudson ten and seven-tenths mills, in the town of St. Joseph eleven mills, and in the village of North Hudson seventeen mills. The complaint further alleges that the method of apportioning the taxes was illegal and excessive and that plaintiff paid under protest $330.26 more than could have been assessed against him in the city of *Hudson;* that plaintiff demanded the $330.26, which was refused, and asks judgment for that amount with interest and costs.

The defendant demurred to the complaint, which demurrer was overruled. The defendant then answered admitting the assessment apportioned to the city of *Hudson,* defendant, and denied that said $330.26 levied by defendant was excessive, and denied generally the allegations of the complaint not admitted. And for a further answer the defendant alleged that the village of North Hudson, town of Hudson, and town of St. Joseph were necessary parties to the action.

The case was tried upon the following stipulated facts:

"It is hereby stipulated for the purpose of the trial of this case, that the defendant, city of *Hudson,* is a municipal corporation organized and existing under and by virtue of the laws of the state of Wisconsin, and situated in the said St.

Croix county, and that it is a city of the fourth class, organized and existing under a special charter.

"That said plaintiff is a corporation organized and existing under and by virtue of the laws of the state of Wisconsin.

"That said plaintiff company owns and operates an electric light and power plant consisting of two dams with flowage rights, two power houses, and two sets of generating machinery with poles and wires, transformers, meters, etc., and that its said electric light and power plant is situated in the following four assessment districts, to wit: city of *Hudson,* village of North Hudson, town of Hudson, and town of St. Joseph, in said county of St. Croix. The power house and dams are located outside the limits of the city of *Hudson.*

"That said electric light and power plant is owned and operated by said plaintiff and is not used or operated in connection with any street railway company.

"That the above facts existed during the years 1912 and 1913, and still exist.

"That for the year 1913 said property of said plaintiff was assessable for general taxes under and by virtue of sections 1037a and 1037c to 1037j of Wisconsin Statutes of 1911.

"That on the 20th day of June, 1913, the four assessors of said four assessment districts duly met at the office of the city clerk in the city of *Hudson* for the purpose of assessing the said electric light and power plant of said plaintiff for purposes of taxation, and they found and placed the total assessed valuation of said property at $75,000 and valued and assessed the same at that amount.

"That in apportioning said property among the four said assessment districts they valued the property located in the city of *Hudson* at $14,580, that amount being 19.44 per cent. of the total assessed valuation of $75,000. They found that the total business transacted by the company for the year 1912 was $20,262, and it is admitted that that is the correct amount of the business transacted by the company in all four districts; and it was found by said assessors, as the fact is, that $19,363 of said business was transacted in the city of *Hudson,* and that said amount of business so transacted in the city of *Hudson* was 95.56 per cent. of the total business transacted by the company. The assessors added the per-

centage of property in the city of *Hudson* to the percentage of business transacted in the city of *Hudson*, that is, they added said 19.44 per cent. to said 95.56 per cent., which gave a total of 115 per cent. of both property and business in the city of *Hudson*. They divided that by two, which gave 57.5 per cent., and apportioned to the city of *Hudson* 57.5 per cent. of the assessed valuation of $75,000, making an assessed valuation apportioned to the city of *Hudson* of $43,132, and the assessor of said city of *Hudson* placed upon the assessment roll of said city, against said plaintiff on account of its electric light and power plant, an assessed valuation of $43,132, which assessment was arrived at by the method above stated.

"That on said assessed valuation there was placed upon the tax roll of the city of *Hudson* for said year of 1913, against said plaintiff company, a tax amounting to $1,401.79, and on the 15th day of January, 1914, said assessed valuation and said tax based thereon appeared upon the tax roll in the hands of the city treasurer of said city as a personal property tax against said plaintiff company because of its said electric light and power plant.

"That at said time there duly appeared on said tax roll of the city of Hudson $31.14 of taxes as a tax against said plaintiff on real estate belonging to said plaintiff situated in said city of *Hudson*.

"That on said 15th day of January, 1914, said plaintiff claimed and asserted to said city treasurer that $330.26 of said alleged tax of $1,401.79 against said plaintiff on account of said electric light and power plant was illegal and unjust, excessive and void, and on said day said plaintiff duly tendered and offered to pay to E. H. Streeter, the city treasurer of said city, all of said taxes, both real and personal, except said amount of $330.26 claimed by said plaintiff to be excessive, illegal, and void, and on said day said treasurer refused to receive said tender and refused to permit said plaintiff to pay the part of said tax admitted by said plaintiff to be legal, and refused to permit said plaintiff to pay any part of said taxes unless it paid the whole amount appearing upon said tax roll against said plaintiff, to wit, $1,432.93, and that on said 15th day of January, 1914, said plaintiff paid said city treasurer the whole amount of said tax appearing on said

tax roll, to wit, $1,432.93, of which $330.26 was paid by said plaintiff to said treasurer and said city under protest and against its will. The said plaintiff claimed and asserted to said city treasurer that $330.26 of said alleged tax was excessive, illegal, and void, and said plaintiff notified said city at the time it so paid said tax that it intended to and would in due time bring a proper action against said city for the purpose of recovering back to said plaintiff said $330.26 claimed by said plaintiff to be excessive, illegal, and void.

"That on said 15th day of January, 1914, there was attached to said tax roll of said city of *Hudson* the warrant for the collection of said taxes as required by law, and at said time said city treasurer threatened said plaintiff that unless said tax was paid in full he would enforce the collection of taxes so appearing on said tax roll by levy upon said plaintiff's property, a sufficient amount of which was situated in the city of *Hudson* out of which said tax could have been paid, and said plaintiff was forced to pay said tax, and the whole thereof, including said $330.26 claimed as excessive by it, in order to remove the lien of said taxes from its said real estate.

"That on or about the 9th day of February, 1914, said plaintiff duly filed with the city clerk of the city of *Hudson* a claim in due form against said city for the sum of $330.26 on account of said alleged unjust, illegal, and excessive tax which said plaintiff company paid said city of *Hudson,* which said claim was duly acted upon by the common council of said city of *Hudson* a short time thereafter, and the same was disallowed prior to the commencement of this action.

"All of the above facts are hereby stipulated to be true for the purposes of this action, with the right, however, reserved in either party to show on the trial that any or all of said facts are untrue, and with the right to correct any statement therein that may be incorrectly stated. It is agreed that the rate of taxation in the city of *Hudson* for 1913 was thirty-two and one-half mills on the dollar of assessed valuation."

The court found the facts in accordance with the foregoing stipulation and ordered judgment for plaintiff against the defendant for $330.26 with interest and costs. Judg-

ment was entered accordingly, from which this appeal was taken.

*Chas. A. Cross,* for the appellant.

There was also a brief in behalf of the Wisconsin Tax Commission, and the cause was argued orally by the *Attorney General.*

*Spencer Haven,* for the respondent.

KERWIN, J.   1. It is contended by appellant that the action cannot be maintained because it does not appear that the plaintiff paid more taxes than it was equitably bound to pay.   Even if it be conceded that it is established that the plaintiff paid more taxes in the defendant district than the just portion of the whole tax due to defendant, it does not appear that it paid more than it otherwise would have paid. If the rate of taxation were the same in the defendant city as in the other three districts, the plaintiff cannot complain, because the improper distribution of the whole valuation between the different districts could not prejudice the plaintiff or increase the whole amount of its tax.   If the valuation in defendant city were $16,409 too high, the aggregate valuation in the other three districts would be that amount lower, since it is stipulated that the aggregate amount of property in all the districts is $75,000.

The rate in each district is alleged in the complaint.   But these allegations are denied by the answer.   The rate in defendant city is established in the case, but the rate in the other districts is not.   So we are unable to say from the record before us what the rate in the other districts is.   If it is the same as in defendant city the plaintiff has made no case. True, it is alleged in the complaint that the rate in the other districts is about one third of the rate in defendant city, but there is no proof of this fact.

The statute, sec. 1164, under which this action is brought provides that no claim shall be allowed and no action main-

tained unless it shall appear that the plaintiff has paid more than its equitable share of the taxes.    It does not appear from the record in the instant case that the plaintiff has paid more than its equitable share of the taxes.

2. It is further contended by appellant that the other assessment districts should have been made parties to the action. Counsel for respondent answers this contention by saying that the demurrer was not directed to defect of parties and therefore did not reach the question, and that the objection was raised in no other manner.

But the objection that there was defect of parties was raised by the answer and that was sufficient under sec. 2654, Stats. We think the other districts, namely, village of North Hudson, town of Hudson, and town of St. Joseph, were proper parties to the action.    The bringing in of all parties interested in a controversy in order to avoid circuity of action under the statutes of this state and decisions of this court is favored.    Secs. 2610, 2656a, Stats.; *Washburn v. Lee,* 128 Wis. 312, 320, 107 N. W. 649; *Hurley v. Walter,* 129 Wis. 508, 511, 109 N. W. 558.    The court has a broad discretionary power to bring in parties.    *Schmuhl v. Milwaukee E. R. & L. Co.* 156 Wis. 585, 146 N. W. 787; *Kresge v. Maryland C. Co.* 154 Wis. 627, 143 N. W. 668; *Hemenway v. Beecher,* 139 Wis. 399, 402, 121 N. W. 150; *Swanby v. Northern State Bank,* 150 Wis. 572, 137 N. W. 763.    We think all the districts should be made parties in the present action and thus dispose of the whole controversy.    It follows from what has been said that the judgment must be reversed.

3. The important question in the case, however, is the apportionment between the four districts, and this question should be decided so that upon a new trial all questions may be settled and further litigation avoided.

It appears from the undisputed facts and the court below found:

"That on the 20th day of June, 1913, the four assessors of

said four assessment districts duly met at the office of the city clerk in said city of *Hudson* for the purpose of assessing said electric light and power plant of said plaintiff for purposes of taxation and found and placed the total assessed valuation of said property at $75,000 and valued and assessed the same at that amount.

"That in apportioning said property among the four said assessment districts they valued the property located in the city of *Hudson* at $14,580, that amount being 19.44 per cent. of the total assessed valuation of $75,000. They found that the total business transacted by the company for the year 1912 was $20,262, and that is the correct amount of the business transacted by the company in all four districts; and it was found by said assessors and the court here finds that $19,363 of said business was transacted in the city of *Hudson,* and that said amount of business so transacted in the city of *Hudson* was 95.56 per cent. of the total business transacted by said company. That said assessors added the percentage of property in the city of *Hudson* to the percentage of business transacted in the city of *Hudson;* that is, they added said 19.44 per cent. to said 95.56 per cent., which gave a total of 115 per cent. of both property and business in the city of *Hudson.* · They divided that amount, to wit, 115 per cent., by two, which gave 57.5 per cent., and apportioned to the city of *Hudson* 57.5 per cent. of the assessed valuation of $75,000, making an assessed valuation apportioned by them to the city of *Hudson* of $43,132, and the assessors of said city of *Hudson* placed upon the assessment roll of said city of *Hudson* against said plaintiff on account of its said electric light and power plant an assessed valuation of $43,132, which assessment was arrived at by the method above stated.

"That on said assessed valuation there was placed upon the tax roll of the city of *Hudson* for said year 1913, against said plaintiff company, a tax amounting to $1,401.79, and on the 15th day of January, 1914, said assessed valuation and said tax based thereon appeared upon the tax roll in the hands of the city treasurer of said city as a personal property tax against said plaintiff company because of its said electric light and power plant."

It is clear that the method of apportionment adopted by

the assessors was not in compliance with the statute. Sec. 1037c, Stats. 1911, is as follows:

"If the property or business of any such person, company or corporation extends into two or more districts the assessors of all the assessment districts in which any part of such property is located shall meet and assess all the property of such person, company or corporation, and extend on the assessment rolls of their respective districts the proportion of the assessed valuation thereof properly belonging to each. Such proportion shall be determined by the ratio which the property located and the business transacted in each district bears to the total property and business of such person, company or corporation. The amount so assessed shall be subject to the same tax rate as other property in said district."

The assessors found that the total property of the plaintiff located in the city of *Hudson* was $14,580, that the total business transacted by the company in the city of *Hudson* was $19,363, aggregating $33,943 total property located and business done in the city of *Hudson*. The assessors also found that the total assessed valuation of the plaintiff's property in the four districts was $75,000 and the total business done $20,262, making a total of property and business in the four districts of $95,262. Under the method of apportionment by the plain provisions of the statute the ratio should be obtained as follows: $33,943 the numerator and $95,262 the denominator of the fractional part of the total assessed valuation, $75,000, which should be apportioned to the city of *Hudson.* This fraction reduced to a decimal gives 35.63 per cent. of the total assessed valuation which should be apportioned to the city of *Hudson.* Thirty-five and sixty-three hundredths per cent. of $75,000 gives the amount which should be assessed to the city of *Hudson* as $26,722.50. The assessors placed the amount at $43,132, an excess of about $16,409. It was stipulated and found that the rate of taxation in the city of *Hudson* for the year 1913 was thirty-two and one-half mills on the dollar. Thirty-two and one-half mills of the ex-

cess of assessment in the city of *Hudson* would amount to about $533. Obviously the plaintiff did not consider that it was entitled to this amount because judgment was taken for only $330.26.

All the facts were admitted except the rate of taxation in the three districts not parties to the action. The material question here, therefore, is the proper method of apportionment, and the court is of opinion that the method adopted by the court below was the correct method and in accordance with the statute. The method adopted by the assessors does not determine the ratio which the property located and the business transacted in the city of *Hudson* bears to the whole property and business done. The language of the statute, "by the ratio which the property located and the business transacted in each district bears to the total property and business," is plain and unambiguous, and the court cannot disregard it.

It follows from what has been said that on the main proposition, namely, the apportionment, the judgment of the court below was correct, but because of other errors committed the judgment must be reversed and the other districts brought in by proper amendment and made parties to the action, to the end that their rights may be determined and such judgment rendered as shall settle all the rights of the four districts involved in the matter.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for further proceedings according to law and in accordance with this opinion. The appellant to recover costs in this court.

SIEBECKER, J. (*dissenting*). The trial court's construction of sec. 51.44, Stats. 1915, and the construction put upon it by the Wisconsin tax commission differ very materially, and the operative effect of the statute under these two constructions produces widely different results in the amounts

apportioned to the taxing districts into which the property and business of the utility extend. This difference in the result is shown in the assessment of the plaintiff's utility for the year here in question in the city of *Hudson*. Under the tax commission's construction of the law, $43,132 of the assessed valuation of plaintiff's plant was apportioned to the city of *Hudson,* and under the circuit court's construction of the law only $26,722.50 of such valuation is apportioned to the city of *Hudson,* resulting in a difference in plaintiff's tax in the city of *Hudson* for the year 1913 of $533.30. · The tax commission has construed the law as it did in this instance since its enactment and applied it as so construed for four years. Consequently if this assessment is erroneous then three other assessments are erroneous. The commission's brief informs us that their method of apportionment has been carried out for four years in all assessments throughout the state, amounting to at least 2,000 district assessments. It seems to me this practical construction of the law must be followed by the courts, if it is permissible, and thus avoid the perplexing and disastrous consequences of overturning the 2,000 or more tax levies and the tax payments in the different taxing districts involved throughout the state. If a statute in its administration has received a permissible and reasonable interpretation, then the courts adopt and follow that interpretation though it may not be in harmony with the meaning which the court finds the legislature had in mind. I am of the opinion that there is no good ground for holding that the tax commission gave this statute an interpretation out of harmony with or contrary to the natural and ordinary meaning of its terms. Sec. 51.43, Stats. 1915, declares that the property of water, light, heat, and power plants conducted as public utilities shall be deemed personal property for the purposes of taxation and shall be assessed as a single item. Sec. 51.44 provides for the assessment of such property, when located in two or more assessment districts, by the assessors of

the districts at a joint meeting, and that the assessors shall "extend on the assessment rolls of their respective districts the proportion of the assessed valuation thereof properly belonging to each. Such proportion shall be determined by the ratio which the property located and the business transacted in each district bears to the total property and business of such person, company or corporation." The words of the statute, to my mind, signify that the proportion shall be the ratio which the property located in each district and the business transacted in each district bears to the total property and the total business. What is this ratio? The business referred to obviously means the gross earnings, and so the commission and the circuit court interpreted the word. How then is "the proportion of the assessed valuation thereof properly belonging to each" district to be calculated? If the apportionment be made upon the ratio which the total of the property and the gross earnings of each district bear to the total of the property and the gross earnings of the entire plant, then the districts where there are no earnings whatever and the districts where the earnings are produced are given an equal proportionate share of the assessed value thereof. The object of providing a change in the method of assessment, as stated by the commission to the legislature, was to provide a method of apportionment of the assessed value of the entire plant whereby the assessment district which produced the earnings should receive such a distributive share of the whole tax as the assessed property and the assessed gross receipts of each district jointly produced. This statute was intended to increase the tax receipts from these plants in the assessment districts which produced the earnings of the business, and this for the reason the commission urged upon the legislature, that the revenue-producing districts established the actual value of the property of the entire physical plant and hence the benefit of the tax due to earnings ought in equity to be received by the districts that paid them. The tax com-

mission administered the law so as to accomplish this result so far as practicable, and the administration of the law as here interpreted frustrates this purpose and object of the legislature, in that it transfers the benefit of the tax receipts from the district where the business is done to the district where there is no business. It seems logical, reasonable, and just in the light of the history of the legislation on the subject that the factor of gross earnings should be treated as of equal importance with the factor of the physical property in determining a just distribution of the taxes realized from the enterprises, and that the tax commission's method of apportioning the tax was calculated on a ratio which complied with the terms of the statute and which accomplished the result intended by the legislature. But it is urged that the commission's interpretation of the statute does violence to the language used and is therefore not a permissible interpretation of the statute. The phrasing of the statute is, "Such proportion shall be determined by the ratio which the property located and the business transacted in each district bears to the total property and business of such person, company or corporation." The claim is that the terms in their grammatical construction and their ordinary significance express but the idea, namely, that the proportion must be the ratio which the property and the business in each district, when added together, bear to the total sum of the property and business of the whole plant. These terms of the statute, I think, do not in their ordinary use and meaning convey only such a restricted and narrow meaning and should not be limited in their meaning to this precise mathematical formula adopted by the court. They logically and reasonably permit of the interpretation that the proportion shall be determined by the ratio which the property and the gross earnings in each district, taken separately, respectively bear to the property and gross earnings of the whole plant, and that the result thus obtained fixes the percentage for apportioning the total tax ac-

cording to the taxable valuation of property and business in each district. This gives equal significance to the physical property and the gross earnings in determining the assessed value of the plant in the several districts into which it extends. Since this is, in my opinion, a proper and reasonable interpretation of the language of the statute, it seems to me that the court, in the light of the history of this legislation showing the intent of the legislature in enacting the law and the practical construction given it by the tax commission in harmony therewith, should follow the practical administration given it by the tax commission, which would prevent the disastrous results of invalidating the assessments in a large number of taxing districts in the state. I consider that the plaintiff's taxes were apportioned by the commission according to law and that plaintiff's complaint in this action should be dismissed.

Winslow, C. J., and Marshall, J. We concur in the foregoing dissenting opinion of Mr. Justice Siebecker.