MILEY and others, Respondents, vs. HEANEY, imp., Appellant, and FIRST TRUST COMPANY, Trustee, Respondent.

*March 18—April 11, 1916.*

*Pleading: Cross-complaint: Facts, how stated: When pleadable: Parties: Joinder of causes of action: Issues: Separate trials by court and jury.*

1. A cross-complaint, like other pleadings under the Code, should state the material facts plainly and concisely in ordinary language, without unnecessary repetition.    It should not follow the ancient forms which were superseded by the Code.

2. In an action to foreclose an assignment executed by defendant H. H. of all her interest in her father's estate as collateral security for the payment of notes aggregating $110,000 given by her to plaintiff M., the complaint alleged, among other things, that a part of said notes had been transferred to the other plaintiffs; that payment of the notes was guaranteed by the defendant E. H.; that $23,920.02 had been paid thereon; that a certain corporation in which defendants H. H. and E. H. were stockholders had been adjudged bankrupt; and that the trustee in bankruptcy claimed to be entitled to recover from plaintiff M. and said de-

fendants said amount of $23,920.02 on the ground that it had been paid out of funds of the corporation unlawfully and in fraud of creditors. Defendant H. H. admitted that she executed the notes and assignment, but alleged that she did so as surety for defendant E. H. and that they were given in part payment for stock in the corporation above mentioned and were procured through fraud on the part of the plaintiff M.; and by counterclaim she demanded their surrender and cancellation. The trustee in bankruptcy, having been made a party on the application of plaintiffs, interposed a cross-complaint demanding recovery from plaintiff M. and defendant H. H. of $15,127.85, alleged to be a debt of M., assumed by defendant H. H., to the bankrupt corporation, and also recovery from M., H. H., and E. H. of said $23,920.02 alleged to have been paid on the notes in fraud of the corporation's creditors. On demurrer by defendant H. H. to the cross-complaint, it is *held* that the claims of the respective parties are so interrelated that a determination of the right to a recovery of the two sums last mentioned and the liability therefor must be had in order to settle the questions involved in the issues between plaintiffs and the defendants H. H. and E. H.; that the trustee in bankruptcy was properly made a party under secs. 2619, 2656a, Stats.; and that the cross-complaint states two causes of action which may be joined and are properly pleadable as cross-demands in the action.

3. The practice permitting the bringing in of new parties and the pleading of cross-demands, under secs. 2610, 2656a, Stats. 1915, does not deprive parties of their rights to a jury trial, since under sec. 2844, Stats., where a jury issue is presented in connection with an equitable issue, the trial court may direct which shall be first tried, according to the rights of the parties under sec. 2843.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This is an action to foreclose on an assignment given by *Helen Heaney* covering all of her interest in the estate of Philipp Jung, deceased, to secure the payment of fifteen promissory notes falling due on various dates on and between July 4, 1913, and July 4, 1926.

The substance of the complaint is set out in the brief of plaintiffs and respondents and is as follows:

"The complaint sets out the death of Philipp Jung, testate, a copy of and probate of his will, appointment of the trustees,

and final decree transferring to them the residue of his estate, amounting to over $600,000; the execution and delivery of the $110,000 of notes by *Helen Heaney* to *Miley,* the guaranty of payment thereof by Edward Heaney, the execution and delivery to *Miley* by *Helen Heaney* of the assignment of her interest in her father's estate as collateral security for the payment of the notes, the transfer of five of the notes by *Miley* to his coplaintiffs, the payments of $23,920.02 made on the notes, the bankruptcy of the Barrett Company and the appointment of the *First Trust Company* as its trustee, the claim of the latter that the payments on the notes were made out of the funds of the Barrett Company without authority of law and in fraud of its creditors, and that the *First Trust Company,* as such trustee, is entitled to recover the amount so paid from *Miley* and the Heaneys, the claim of the trustees under the will of Jung that the said assignment by *Helen Heaney* of her interest in her father's estate to *Miley* is illegal and void and their refusal to recognize *Miley* or his assigns as having any right, title, or interest in the trust estate or its income, the assignment by *Helen Heaney* to Wilmanns of her interest in her father's estate, subject to her assignment to *Miley* as collateral security to a loan of which $3,000 remains unpaid, and that the Heaneys are now entirely solvent.

"The prayer of the complaint is that the assignment of *Helen Heaney* to *Miley* of her interest in her father's estate and the trusts created by his will be adjudged valid and that the trustees of and under said will be enjoined and commanded to treat such assignment as valid in all respects, that the amount due, owing, and unpaid on the notes be ascertained, that the Heaneys be required to pay the same with costs of the action within a time fixed by the court, and that in default thereof the interest of *Helen Heaney* in her father's estate be foreclosed by sale had under the direction of the court, that the plaintiffs have judgment for deficiency against the defendants Heaney, that Wilmanns be barred of all right or interest in the property sold, and that the plaintiffs have such other and further relief as shall be just."

*Helen Heaney* by her answer and amended answer admits the execution of the notes and assignment and alleges that she did so as surety for her husband, and that the assignment

and notes had been procured through fraud, and prays that the complaint be dismissed. She alleges by way of counterclaim that the execution of these papers was the result of fraud and demands the surrender and cancellation of the notes and assignment.

The plaintiffs put in issue the principal allegations of the counterclaim. It is alleged that the notes were given in part payment of the purchase price of *Miley's* stock in the Barrett Company, and there is no allegation in either the complaint or the reply to the counterclaim that *Mrs. Heaney* agreed to pay any indebtedness owing by *Miley* to the Barrett Company.

On August 28, 1915, as trustee in bankruptcy of the G. M. Barrett Company, the *First Trust Company* was joined as a party defendant by an *ex parte* order on the application of the plaintiffs. This trustee in bankruptcy interposed an answer and cross-complaint demanding relief against the plaintiff *Miley* individually, and against him and *Helen Heaney* and Edward Heaney for the recovery of $39,047.87 which it alleges is due from them severally or jointly to the G. M. Barrett Company, bankrupt. The answer and cross-complaint state the facts for relief in favor of this trustee in bankruptcy in the form of six separate causes of action for the recovery of two items, one for $15,127.85 and another for $23,920.02 against the plaintiff *Miley* and the defendants *Helen* and Edward Heaney either separately and individually or against them jointly according to the nature of the liability. The pleader has adopted the practice of repeating the allegations of each such cause of action to conform to the forms that existed before the adoption of the Code. He charges the right to recover for the $15,127.85, first, as a recovery in the form of a debt of *Miley* owed to the Barrett Company individually, and second, as a recovery thereof in the form of *Miley's* debt which *Helen Heaney* assumed to pay, but to which the Barrett Company at no time consented. The recovery of the

$23,920.02 is set forth as four causes of action.  First, recovery thereof from *Miley* as for money advanced and goods sold him at his request; second, recovery thereof from *Miley* individually as for money and goods received to his use; third, recovery thereof from *Miley* and *Helen* and Edward Heaney upon the ground that they misappropriated money and merchandise of the Barrett Company for the benefit of *Miley,* who received it in fraud of the creditors of the Barrett Company; fourth, recovery thereof upon the ground that the Barrett Company loaned money and sold merchandise to *Miley* between July 4, 1913, and January 19, 1915, to this amount, which he agreed to pay, and that *Helen Heaney* for a valuable consideration agreed to pay this debt for him.

The defendant *Helen Heaney* demurred to the cross-complaint, the following being material to consider: (1) that the same causes of action are not pleadable as a cross-complaint and that the matters alleged do not affect the contract, transaction, or property which is the subject matter of the action; (2) that several causes of action have been improperly embraced in the cross-complaint; and (3) that the facts stated do not constitute causes of action.  This demurrer is substantially repeated as to separate formal allegations of different causes of action.  From the order overruling the demurrer this appeal is taken.

For the appellant there was a brief by *Miller, Mack & Fairchild,* and oral argument by *J. G. Hardgrove.*

*Frank M. Hoyt,* for the respondent plaintiffs.

For the respondent *First Trust Company,* as trustee in bankruptcy, there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *Louis A. Lecher.*

SIEBECKER, J.  The style and form of the cross-complaint seem to follow the formal precedents that existed under the rules of pleading before the adoption of our Code.  The Code abolished all such formal and needless repetition in a plead-

ing.    The style of pleading a cross-complaint as contemplated by sec. 2656a, Stats., is governed by the Code provision applicable to a complaint and an answer, namely, "A plain and concise statement of the facts constituting each cause of action, without unnecessary repetition" (sec. 2646, Stats.), and "A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition" (sec. 2655, Stats.).    The significant requirements of these provisions are that a cause of action *shall be stated by alleging a plain and concise statement of the facts in ordinary language, without unnecessary repetition.*    Compliance with these Code provisions is manifestly wanting in this cross-complaint.    It plainly transgressed them by unnecessary repetition and by the failure to make but one plain and concise statement of the facts constituting the causes of action.    The matters alleged in the cross-complaint constitute in substance two causes of action; one for the recovery of $15,127.85 and the other for the recovery of $23,920.02.    A plain and concise statement of the facts material to the primary rights of each party to the action pertaining to these two claims and their primary duties in respect thereto meets all the calls of proper practice under our Code.    The ancient and discarded practice which existed prior to the Code seized hold of external arbitrary features of a transaction, and treated these features as of substance and raised them to the dignity of separate and independent grounds of relief, though in substance they were bottomed on one primary right and one primary duty.    A cross-complaint in compliance with the Code demanded only a plain and concise statement of the material facts for recovery of the two specified amounts on which the primary right of the trustee in bankruptcy is predicated and the facts showing a separate or joint duty of *Miley* and the Heaneys to pay the same.    The alleged six separate causes of action in the cross-complaint constitute in substance but two causes of action, and the statement thereof as six separate

causes of action, by reverting to the ancient forms which have no place in our Code practice, added nothing to the substance of the pleading.

It is manifest that it is the purpose of the complaint and the answer and the cross-complaint to express one object, namely, to have the rights of the parties arising out of the subject matter adjudicated. The allegations of these pleadings show that each party to the action asserts rights and charges liabilities which relate to the transactions, contracts, and property involved and which, under the allegations, affect each party to the action. The legal claims of the respective parties are so interrelated that a determination of the right to a recovery of the two amounts in controversy and the liability for the same must be had to settle the questions involved in the issues raised between the plaintiffs and the defendants Heaney. In the light of this situation the trustee in bankruptcy was properly made a party to the action under secs. 2610 and 2656a, Stats. The allegations of the pleadings show that the matters embraced in the litigation are all intimately connected, that the demands of the cross-complaint are germane to the subject of the action, that the rights and liabilities of all the parties as shown by the pleadings can be determined in this action, and that under the facts and circumstances alleged a final determination of them is desirable. *Kollock v. Scribner,* 98 Wis. 104, 73 N. W. 776; *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909; *Warren Webster & Co. v. Beaumont H. Co.* 151 Wis. 1, 138 N. W. 102; *Hemenway v. Beecher,* 139 Wis. 399, 121 N. W. 150; *McCollom v. M., St. P. & S. S. M. R. Co.* 152 Wis. 435, 139 N. W. 1129; *Conway v. Zender,* 154 Wis. 479, 143 N. W. 162; ch. 219, Laws 1915, amending sec. 2610, Stats. 1915.

The objection that this practice deprives the parties of their rights to a jury trial is not well founded. If a jury issue is presented in connection with an equitable issue the court shall, in its discretion, under sec. 2844, Stats., direct

which shall be first tried, according to the rights of the parties under sec. 2843, Stats., prescribing by whom issues are triable.

From these considerations it follows that the cross-demands of the trustee in bankruptcy are properly pleadable, and that the facts alleged are sufficient to constitute two causes of action, and that the court properly overruled defendant's demurrer to the cross-complaint.

*By the Court.*—The order appealed from is affirmed.