Williams, Appellant, vs. Thrall and others, Respondents.

*April 4—May 21, 1918.*

*Execution: Sale of land: Redemption: Statement of amount: When binding on sheriff: Payment to agent: Special verdict: Refusal of tender: Liability for loss of title: Equity: Quieting title: Parties: Pleading: Amendment: Limitation of actions.*

1. Where, within a year after the sale of land on execution, the owner informs the sheriff that he wishes to redeem and the sheriff undertakes to compute and to state the amount necessary to be paid, he is bound by such statement, and the payment or tender by the owner of the amount so stated constitutes a redemption, even though said amount was less than the proper amount.

[2. Whether or not the sheriff is bound in such a case to furnish the owner with a statement of the amount necessary to redeem, is not decided.]

3. Findings in a special verdict to the effect that a sheriff made the clerk of court his agent to receive money in redemption of land from an execution sale, and that the money was paid to said clerk, are not inconsistent, the latter finding meaning that the manual delivery of the money was to the clerk, but to him as agent of and for the sheriff.

4. Refusal of a sheriff to accept money tendered in redemption of land sold on execution does not create a liability against him and his bondsmen unless the owner thereby lost title to the land or some part of it; and there was no such loss of title as against the purchaser at the execution sale if such tender in fact constituted a redemption.

5. If in such case there was in fact a redemption and the title to any portion of the land has been lost by sales to innocent purchasers, the owner has a claim against the sheriff and his bondsmen for the damages resulting from such loss.

6. For a proper determination of the facts in such a case there should be an action in equity to quiet title and, incidentally, for damages against the sheriff in case the title has been lost; and in such action, besides the sheriff and his bondsmen, the purchaser at the execution sale and all other persons in possession or claiming any interest in the land should be made parties. Where an action has been brought against the sheriff and his bondsmen only, the court may order the pleadings to be amended and new parties brought in, as stated.

7. The action in such case would not be barred until the expiration of ten years, under sub. 4, sec. 4221, Stats.

APPEAL from an order of the circuit court for Green Lake county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The appeal is from an order setting aside the verdict and granting a new trial.

The action was brought against the defendant *Thrall* as sheriff and his sureties on the official bond of the sheriff. The defendant sheriff sold real estate of the plaintiff on execution. The certificate of sale to the purchaser, H. R. Laing, bore date September 19, 1908. The land sold for $820. Plaintiff took steps to redeem from the sale prior to September 19, 1909. The defendant sheriff, through his agent, the clerk of the court, computed the amount necessary to redeem, and plaintiff paid $85 and agreed to send the balance before time to redeem expired, which she did.

The evidence shows without dispute that the value of the plaintiff's equity of redemption in the land sold was $6,824. The plaintiff claimed judgment for the amount of the value of the equity of redemption.

The jury found (1) that the plaintiff informed the defendant *Thrall* that she wished to redeem the land from sheriff's sale; (2) that defendant *Thrall* made Yahr, the clerk of the court, his agent for receiving money from plaintiff in redemption of lands from the sheriff's sale; (3) that the $85 was paid to the clerk of the court, Yahr, and the value of the plaintiff's interest in the property which she sought to redeem was $3,000.

Plaintiff moved after verdict that the answer to the fourth question, $3,000, be changed to $6,824, and for judgment on the verdict as amended. Defendant moved for judgment notwithstanding the verdict, for the changing of certain questions, to set aside the verdict, and for new trial.

The court denied all motions except the one to set aside the verdict and for new trial, and ordered a new trial on the ground that the special verdict of the jury was inconsistent, perverse, and the result of compromise. Plaintiff appealed from the order.

For the appellant there was a brief by *Dillon & Tomkins* of Ashland, and oral argument by *A. Pearce Tomkins*.

For the respondents there was a brief by *J. L. Kelley* of Wausau and *Perry Niskern* of Berlin, and oral argument by *Mr. Kelley*.

KERWIN, J.    It is established by the verdict of the jury and the evidence that on May 4, 1907, a judgment in favor of H. R. Laing against the plaintiff was docketed in the circuit court for Waushara county for $710.16, which judgment was afterwards docketed in Green Lake county June 3, 1907; that on July 6, 1908, execution was issued out of the circuit court for Waushara county directing the sheriff of Green Lake county to satisfy said judgment out of property in the latter county; and that L. A. Merrill, then sheriff of Green Lake county and predecessor in office of the defendant *Thrall,* levied upon several parcels of land in which plaintiff

had an interest and sold the same to said Laing for $820.24 September 19, 1908, and on said date issued a certificate of sale to him. The plaintiff lived at Ashland, and on the 13th day of September, 1909, went to Green Lake for the purpose of redeeming said real estate from the sale. She testified that she went to defendant *Thrall* and told him that she wanted to redeem the property so sold and asked him to figure out the exact amount necessary for her to pay in order to redeem, and said that she had come from Ashland for the express purpose of saving the property before the time expired to redeem; that the sheriff told her that he had orders not to deal with her, that she must go to other parties, naming H. R. Laing and C. S. Morris, and said he had been advised by his attorney over the phone to pay the money into court; that defendant *Thrall* went with plaintiff to the clerk of the court, Yahr, and told her to pay the money to Mr. Yahr; that she informed Yahr which pieces of land she wished to redeem and asked him to compute the correct amount, and Yahr figured the amount which he claimed was necessary to redeem as $805.80; that she then paid defendant *Thrall* $85, which he turned over to Yahr, clerk of the court, and she promised to send the balance, $720.80, as directed by *Thrall.* This amount she afterwards sent in the form of a draft, dated September 15, 1909, payable to Yahr, clerk of the court, in a letter to defendant *Thrall,* which was received by him September 16, 1909. This draft was returned by defendant *Thrall* to the plaintiff, after having been handed back to him by Yahr, in a letter dated September 21, 1909, and received by plaintiff September 22, 1909, the only explanation in *Thrall's* letter being, "It is no good to me."

The defendants claim that the plaintiff did not tell *Thrall* she wished to redeem any land from the sale, but that she stated she wanted to know the amount of the judgment.

The jury found in accordance with the plaintiff's contention that she informed the defendant *Thrall* she wished to

redeem the lands from sheriff's sale; that the defendant *Thrall* made Yahr, clerk of the court, his agent for receiving money from plaintiff in redemption of the lands; that the $85 was paid to Yahr; and that in September, 1909, the plaintiff's interest in the property which she wished to redeem was $3,000. It also appears that the amount computed by the clerk, acting for the sheriff, was simply the amount of the judgment and interest, which was something over $50 short of the correct amount necessary to redeem from the sale.

If the facts be as testified to by the plaintiff, we are convinced there was a valid redemption of the land in question. It is contended on the part of the respondents that because the full amount necessary to redeem was not paid or tendered there was no redemption; while on the part of the appellant it is contended that since the defendant sheriff through his agent, Yahr, undertook to compute the amount necessary to be paid in order to redeem, and plaintiff paid or tendered such amount, there was a redemption. In other words, that the sheriff was bound by the amount stated when he undertook to compute the amount necessary for plaintiff to redeem. Whether the sheriff was bound to furnish the plaintiff with a statement of the amount necessary to redeem we need not and do not decide, yet if he did so he was bound by the amount stated and relied upon by plaintiff, and the payment or tender of such amount constituted a redemption. *Hall v. Fisher,* 9 Barb. 17; *Id.* 1 Barb. Ch. 53.

But while we are of opinion that if the facts testified to by plaintiff are true there was a redemption, the question arises as to what the judgment in such case should be. Should the plaintiff have judgment for the value of the equity of redemption, or should there be, upon such facts, redemption of the property if redemption can now be had on payment to the purchaser of the proper amount? Our statute provides that upon payment made of the proper amount to redeem, the sale and certificate of sale shall be null and void. Sec. 3005, Stats. While the court below set aside the verdict on the

ground of inconsistency and compromise, it is obvious from the opinion of the learned trial judge in the record that he was of opinion that the plaintiff should not have judgment against the sheriff and bondsmen for the value of the equity of redemption and thus leave the matter unsettled between the sheriff and purchaser, but that the remedy should be in equity and all parties interested brought into court and their rights settled in this action.

It is true that the jury found by the fourth question that plaintiff's interest in the property was $3,000, while in fact the undisputed evidence showed it to be $6,824. The answer to the fourth question, we think, was wrong and unsupported by the evidence and might have been corrected by the court, but in all other respects we think the verdict was consistent and supported.

Point is made in the opinion of the trial judge that there was inconsistency between the answers to the second and third questions of the special verdict to the effect that, if Yahr was the agent of *Thrall,* the $85 was necessarily paid to *Thrall* and the jury found that it was paid to Yahr. But it seems obvious that the jury, in finding by the second question that *Thrall* made Yahr his agent for receiving the money from plaintiff in redemption of the lands from sheriff's sale, and by the third question that the $85 was paid to Yahr, meant that the manual delivery of the money was to Yahr, but to him as agent of *Thrall* and for *Thrall.*

We hold that the plaintiff cannot recover against the defendants sheriff and bondsmen unless she has lost the title to the land or a portion of it, and she has not lost it as against the purchaser if she in fact redeemed. Sec. 3005, Stats. While the facts testified to by the plaintiff would establish a redemption, still the verdict to that effect does not bind the purchaser, since he was not a party to the action, and he is entitled to his day in court on the question of redemption. If it be found on another trial, as established by the record here, that plaintiff told the defendant sheriff she wanted to

redeem from the sale, and he, through the clerk, gave her the amount and she paid or tendered it to him within the year, it was in fact a redemption though the sum was too small.

If the land was redeemed from the sale it still belongs to plaintiff as against the purchaser and all who purchased with notice. If parts of the land have been sold to persons who claim to be innocent purchasers, they should be brought into this action and their rights determined.

Whether under sec. 3005, Stats., any title can be acquired by any purchaser, however innocent, is not now decided and no opinion is intimated thereon. · If title to any part of the land has been lost the plaintiff would have a claim against defendants for the damages resulting from such loss, provided it be established that a redemption was in fact made.

When the new parties are brought in, new pleadings should be required of all parties and the action transformed into an action by the plaintiff to quiet title, and for damages incidentally against the sheriff in case title to the land has been lost. This will be an action in equity, outside of the statutory action to quiet title, and will evidently fall under the fourth subdivision of sec. 4221, Stats., hence is not barred until expiration of ten years. *Post v. Campbell,* 110 Wis. 378, 85 N. W. 1032.

As the record now stands there is nothing to show but that plaintiff, upon payment of the proper amount, may have redemption of the premises, the sheriff's deed set aside, and the title quieted in her, and this, under the circumstances as shown by the record, would seem to be the most efficient and proper remedy. If it shall appear, when all parties interested or claiming to be interested are before the court and their rights determined, that there was redemption and that plaintiff cannot obtain complete relief by recovery of her property, she may have judgment for damages against the defendants.

There can be no doubt, as suggested by the trial judge in his opinion, but that the court below has ample power to

bring in the purchaser, Laing, and any and all other persons in possession or claiming any interest in the premises so that their claims may be adjusted and it be determined whether the sheriff's deed to Laing should be canceled and the cloud removed upon payment to Laing by plaintiff of the proper amount.    Under our statutes there is ample power to proceed as indicated.    Secs. 2603, 2610, and 2836b.

We hold that the order granting a new trial should be affirmed, that the court below order the purchaser at the sale, H. R. Laing, and each and every person in possession of the real estate in question, or claiming any interest therein, to be made parties to the action, and that the pleadings be so amended as to present all issues.

*By the Court.*—The order appealed from is affirmed, and the cause remanded for further proceedings in accordance with this opinion.