PETERS, Appellant, vs. KANZENBACH, Respondent.

*October 21, 1921—January 10, 1922.*

*Principal and agent: Authority of agent to release debtor of principal: Novation: Agent as trustee of express trust.*

1. A collection agent who was not authorized to execute a release of a debt which he was attempting to collect from his principal's debtor could not accept the debtor's note payable to himself and discharge the debt. The release, not being consented to by the principal, constituted no valid consideration for the note.
2. In order to constitute a novation the creditor must consent to the discharge of the original debtor and accept the promise of the new debtor.
3. Where a collection agent was given a claim to collect and without authority obtained a note in which it was payee and gave a release to the debtor, its action in this respect not being ratified by its principal, the creditor, it could not bring action on the note as trustee of an express trust under sec. 2607, Stats., without joining the creditor. To warrant the bringing of such an action the creditor must expressly or impliedly have consented thereto, and a situation must also appear whereby the judgment obtained would bind such creditor and release his claim against the debtor.

ESCHWEILER, J., dissents.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The appeal is from a judgment dismissing the complaint, with costs, judgment having been entered pursuant to a directed verdict.

One A. J. Weir, alleged to be the owner of a valid claim for $60 against the defendant, placed the same in the hands of the plaintiff, a collection agent, for collection. The defendant called upon the plaintiff while the plaintiff had such claim for collection, and entered into an arrangement with him by the terms of which the plaintiff executed and handed to the defendant a receipt in full for said claim and took from the defendant his promissory note for the amount in question, payable to the plaintiff. The action in question is brought by the plaintiff to recover from the defendant on this note. The defendant's answer, among other things, alleged want of consideration for the note. The case was tried upon the issue so formed.

On the trial of the action the note was introduced in evidence, and the foregoing facts were made to appear from plaintiff's evidence. Plaintiff testified that after giving the defendant the receipt he rang up Weir by telephone and informed him of the giving of such receipt and of the execution and acceptance of the note, and stated that he, the plaintiff, would pay Weir. There is no evidence indicating that Weir expressed any satisfaction or dissatisfaction with such arrangement. There is no evidence to show that Weir authorized the plaintiff to deliver the receipt in question to the defendant, or that he authorized the acceptance of a note executed by the defendant to the plaintiff, nor is there any evidence to show that Weir had released the defendant from liability upon his claim against him.

The foregoing substantially represents the entire evidence introduced in the case, and upon the introduction of the same defendant's counsel moved for a directed verdict, which motion the court granted.

*William N. Powers* of Oshkosh, for the appellant.

For the respondent there was a brief by *C. H. Metzler*,

and oral argument by *Mr. W. H. Farnsworth* and *Mr. Metzler,* both of Portage.

The following opinion was filed November 15, 1921:

Doerfler, J.    In the first place, the plaintiff was not authorized to execute and deliver to the defendant a release such as is referred to above.    The defendant was not indebted to the plaintiff, but was indebted to Weir.    Weir had not consented to the acceptance by the plaintiff of the note executed by the defendant.    Consequently it follows that the release delivered to the defendant was not a binding or valid release, as appears from the evidence, and as a result the note executed to the plaintiff was not executed pursuant to a valid consideration moving from the plaintiff to the defendant.    Furthermore, there being no evidence showing that Weir consented to or approved of the arrangement made between the plaintiff and the defendant, Weir still retained his claim against the defendant.

The arrangement entered into between the plaintiff and the defendant did not constitute a novation, for in order to constitute a novation a creditor must have consented to the discharge of the original debtor and have accepted the promise of the new debtor.    29 Cyc. 1132.    So that, inasmuch as it appears from the evidence that Weir did not consent to the discharge of defendant (he being the original debtor), and there being no evidence of his acceptance to treat the plaintiff as his debtor, a novation did not result and Weir still retained his original claim against the defendant.

It is argued by plaintiff's counsel that the action was brought by the plaintiff as trustee of an express trust, and that in such an action, under the provisions of sec. 2607, Stats., it was not necessary for the plaintiff to join Weir with him as a party plaintiff, and that the action could properly be prosecuted in plaintiff's name alone.

In order that the plaintiff could bring this action properly in his own name but as trustee of an express trust, it was necessary that Weir either expressly or impliedly consented

to the bringing of such action in that form, and a situation must also appear whereby the judgment obtained would bind Weir and release Weir's claim against the defendant. There is nothing in the evidence which would warrant such a conclusion.

In the case of *Salter v. Krueger,* 65 Wis. 217, 26 N. W. 544, cited in appellant's brief, it appeared that the note and mortgage were given for the aggregate amount of a debt due from one Emery to the defendant, and another debt due from Emery to Ott. Both were taken in the name of the defendant alone. Ott was not mentioned nor referred to in either. He was present, however, and participated in their procurement, but otherwise was not a party to the transaction. The court in that case, as reported in the opinion on page 221, says:

"Evidently Ott constituted the defendant his trustee of an express trust. Sec. 2607, R. S. Assuming the rightful execution of the note and mortgage, then they were both enforceable in the name of the defendant alone without making Ott a party." Citing *Waterman v. C., M. & St. P. R. Co.* 61 Wis. 464, 21 N. W. 611; *Poor v. Guilford,* 6 Seld. (10 N. Y.) 273, 61 Am. Dec. 749; *Johnson v. Catlin,* 27 Vt. 87, 62 Am. Dec. 622.

In the case at bar Weir was not present when the arrangement between the parties to this action was entered into, nor did he consent to the same. It follows, therefore, that Weir, not having released the defendant as his debtor, and not having consented to the delivery of the receipt to the defendant and the acceptance by the plaintiff of the note in question, still retained his claim against the defendant.

The motion for direction of a verdict was therefore properly granted.

*By the Court.*—Judgment affirmed.

EschWEILER, J. (*dissenting*). I cannot agree with the disposition made of this case by the court.

The subject matter of this litigation is a debt of $60 al-

leged to be owing by defendant. If there was such a debt
he either owed it to plaintiff by reason of the giving of the
note upon which the suit was brought or else to Weir upon
the original obligation. These two alternatives could as
well and better be disposed of in this action by bringing in
Weir as a party than by following the practice now silently
approved by the majority opinion. If the action had been
brought by Weir and the fact of the giving of the note to
plaintiff had appeared, then plaintiff should have been made
a party, and for the same reasons in this case, the possible
interest of Weir appearing, he should have been made a
party.

Such procedure would be following the direct legislative
command of sec. 2610, Stats., which, if not absolutely man-
datory upon the courts, is certainly directory with emphasis.
It provides that when a complete determination of the con-
troversy cannot be had without the presence of other par-
ties, or any persons not then parties to the action have such
interests in the subject matter of the controversy as require
them to be made parties for their due protection, the court
*shall* order them to be brought in. Such a course as pointed
out by this statute has been repeatedly spoken of by this
court as being one to be encouraged rather than discouraged.
It was so held where a question of possible novation arose
as in the case at bar. *Hemenway v. Beecher,* 139 Wis. 399,
402, 121 N. W. 150. The broad powers intended to be given
thereby and the consequent duty resting upon the court are
discussed and pointed out in *Swanby v. Northern State
Bank,* 150 Wis. 572, 576, 137 N. W. 763; and in *Burkhardt
M. & E. P. Co. v. Hudson,* 162 Wis. 361, 367, 156 N. W.
1011; *Lumbermen's Nat. Bank v. Corrigan,* 167 Wis. 82,
86, 166 N. W. 650; *Miley v. Heaney,* 163 Wis. 134, 140, 157
N. W. 515; *Brovan v. Kyle,* 166 Wis. 347, 350, 165 N. W.
382.

Where such steps have not been taken by the trial court
they may be directed by this court. *Williams v. Thrall,* 167

Wis. 410, 416, 167 N. W. 825.  I think, therefore, that such direction should have been given here rather than to affirm the judgment below.

A motion for a rehearing was denied, with $25 costs, on January 10, 1922.