## MOTT v. DOWNER.

A party will not be allowed to alter his plea, where it is not relevant to his case.

ACTION of account. Plea — Not bailiff and receiver. Issue to the jury.

The defendant offered to go into the particulars of the account, thereby to prove that he was nothing in arrear; but not allowed by the court; he then moved to alter his plea, and plead that he had fully accounted in order that he might show that he was not in arrear.

By the COURT. The alteration cannot be permitted for the reasons suggested; for it is the proper business of auditors to examine and adjust the accounts, which the court and jury never undertake to do, in an action of this nature.

## BRATTLE v. GUSTIN, ADMINISTRATOR OF THOMAS GUSTIN.

The denial of the Court of Probate to grant administration *de bonis non,* disaffirmed.

APPEAL from probate. Said Thomas died, his son, the appellee took administration on his estate, represented it insolvent, and had commissioners appointed, who found and reported only £9 to be due from said estate; the appellee being heir to his father sold said estate, became bankrupt and absconded: Brattle being at Nova Scotia when these transactions took place, did not exhibit his debt to said commissioners; upon his return into the United States, he sued said administrator and recovered a judgment for his debt, alleging that there was a plentiful estate of said deceased to pay said debt; and moved said Court of Probate to recall said letters of administration granted to the appellee, and to grant administration *de bonis non,* to Roger Griswold, Esq. upon the estate of said Thomas, deceased; which said Court of Probate refused to do from which this appeal was taken, and the order of probate disaffirmed without cost.