<em>New-Haven</em>,<br>
November,<br>
1814.<br>
Hart<br>
and others<br>
<em>v.</em><br>
Granger.

---

TOUSEY <em>against</em> PRESTON.

THIS was an action of *assumpsit*. The declaration stated, That two suits had been brought before the county court in *Fairfield* county, in one of which *Shadrach Osborn, Garwood H. Cunningham* and the present defendant were plaintiffs, and *David Baldwin, Samuel Beers* and others were defendants, and in the other *David Tallman* was plaintiff, and *Solomon Glover, Daniel Ferry* and others were defendants; alleging a combination in the defendants in those suits to defraud the plaintiffs in the pretended sale of certain lands lying on the waters of *Tennessee* river, by means of which combination, and the deceitful practices of the defendants, they obtained large sums of money from the plaintiffs without any equivalent; demanding, in one suit, the sum of 3000 dollars, and in the other, the sum of 12,000 dollars, damages: That the plaintiff and the defendant were the joint proprietors, by lawful assignment, for valuable considerations, of each of the rights and claims in the declarations respectively alleged, and had good right in said actions, in the names of the plaintiffs therein, to have and recover of the defendants therein, the sum of 1000 dollars with interest in the action first mentioned, and the sum of 8000 dollars with interest, in the other action; the plaintiff's proportion of interest in such claims being one third part, and the defendant's, two third parts: And that while said actions were

*A.* and *B.* having entered into a written contract, by which, after reciting that there were two suits pending in favour of *C.* and *D.* against *E.* and *F.*, *B.* promised " to account with *A.* for one third part of all the moneys and other property that should be recovered of *E.* and *F.* by judgment of court and collected, in such property as should be collected;" *B.* settled such suits before judgment, and received of one of the defendants therein a

certain sum in goods and cash: Held that *A.* might waive his remedy on the contract, and recover of *B.* one third of the sum so received by him, after deducting his reasonable expenses, in an action for money had and received to the plaintiff's use.

Though in such action the contract be specially stated, and though it be a *sine qua non* of recovery; yet as it is inducement only, and not the gist of the action, it is not of course necessary to shew the happening of a condition which it would be indispensable to shew in an action on the contract.

That account will lie is no objection to bringing *assumpsit*, if the defendant is not thereby deprived of any right, or subjected to any inconvenience.

Tousey
*v.*
Preston.

pending, one in the superior court, the other in the county court, *viz.* on the 3rd of *January* 1812, the defendant received of the demands in said declarations respectively set forth the sum of 2,500 dollars of *Solomon Glover,* and the sum of 700 dollars of *Samuel Beers ;* and also received, at the same time, of the defendants in said first action the sum of 1800 dollars in full of the demands in that action, and also received of the defendants in said second action the further sum of 10,000 dollars in full of all the demands in that action, and discharged both actions and all claims therein stated. The declaration then averred, that one third part of the sums so received by the defendant on account of the demands in said declarations set forth, were received by him to and for the plaintiff's use, and thereby the defendant became indebted, &c. and assumed and promised, &c.

The defendant pleaded *non assumpsit.* The cause was tried at *Danbury, September* term, 1814, before *Reeve,* Ch. J. and *Edmond,* J.

On the trial the plaintiff offered in evidence a writing of the following tenor : " *Newtown, January* 1st, 1811. For a valuable consideration, I hereby agree, that whereas there is a suit depending before *Fairfield* superior court, *Shadrach Osborn,* Esq. and others, plaintiffs, and *David Baldwin* and others, defendants, I promise to account unto *Oliver Tousey,* for one third part of all the moneys and other property, that shall be recovered of the defendants by judgment of court and collected, to be accounted for in such property as shall be collected. And whereas there is a suit in comtemplation in favour of *David Tallman* against *David Baldwin* and others, on a contract made with *Daniel Ferry* in the year 1795 or 1796, I hereby agree to account with said *Oliver* for one third part of the sum which shall be recovered against said *Baldwin* and others by judgment of court and collected ; to be accounted for in such property as shall be collected.— (Signed) *Nathan Preston.*" To the admission of this writing the defendant objected on the ground that it did not conduce to prove any of the facts stated in the declaration. The court over-ruled the objection, and admitted the writing in evidence. It was agreed by the parties, that the suits mentioned in the declaration were settled by *Preston,* and never went into judgment ; and that he received *Solomon Glover's* promissory notes for the sum of 2,500 dollars, pay-

able in three annual instalments ; but that no part of said sum had been paid by *Glover* at the commencement of this suit. The plaintiff claimed on the trial, that the defendant had received on the settlement of said suits, and before the commencement of this suit, 700 dollars of *Samuel Beers*. The defendant denied that he had received that sum, but admitted that he had received 200 dollars in goods and cash, and claimed that he had expended large sums of money in the prosecution of said suits, and exhibited an account thereof. All the evidence exhibited on the trial consisted of this account, the writing above recited, and the evidence relative to the amount received on the settlement. The defendant contended that the proof did not support the declaration ; that by law said suits could not be assigned to the plaintiff ; that if any action could be sustained, it must be either an action of account, or an action founded upon the contract ; and that the condition upon which the defendant was, by the contract, to account with the plaintiff, had never happened, as nothing had been *recovered by judgment of court.* The defendant, therefore, claimed that the court ought to instruct the jury, that this action could not be sustained. But the court did not give any opinion to the jury upon these points ; but decided and instructed the jury, that no money could be recovered in this action on account of the notes against *Glover,* because no part thereof had been collected at the commencement of this suit ; but if the defendant had received of *Beers* more than sufficient to pay the money the defendant had expended in said suits, they might find for the plaintiff to the amount of one third of the sum that remained after deducting the expenses. The jury thereupon returned a verdict for the plaintiff for 56 dollars 22 cents, and costs. The defendant moved for a new trial on the ground that the court erred in admitting the writing in evidence, and in not charging the jury pursuant to the claim made by him. The questions arising on this motion were reserved for the advice of all the Judges.

*N. Smith,* in support of the motion, enforced the positions which had been contended for by the defendant on the trial. He cited *Weston* v. *Downes, Doug.* 23. *Towers* v. *Barrett,* 1 *Term Rep.* 133. *Hulle* v. *Heightman,* 2 *East* 145. S. C. at

*Nisi Prius,* 4 *Esp.* 77. *Hunt* v. *Silk,* 5 *East* 449. *Mussen* v. *Price,* 4 *East* 147.

*R. M. Sherman,* contra.

BRAINARD, J. The action is a special *assumpsit* for money had and received by the defendant for the plaintiff's use.

The first objection stated in the motion is, that the court admitted in evidence a certain writing therein recited. The objection to the admission of this writing is, that it does not conduce to prove the facts stated in the declaration. It is further objected, that if admitted, it proves, as it respects this action, too much; that if it proves any thing, it proves that this action cannot be sustained; that if any action will lie, it must be account, or an action founded on this particular and precise contract; and that thus the court ought to have instructed the jury. And the real question is, whether, that writing notwithstanding, this action can be sustained?

One question made on the argument was, whether the writing was the origin or creation of the plaintiff's right, or the acknowledgment of a pre-existing right? On the part of the plaintiff it was contended, that one third of the moneys claimed by the suit was originally the plaintiff's, and that the writing was evidence of that fact; that it was properly introduced to shew that such was the case; that the expression " I promise to account" does *ex vi termini* necessarily import the acknowledgment of a pre-existing right.

For myself I do not very well see that this distinction is of much importance. But in point of construction I am inclined to think that the writing is the origin or creation of the plaintiff's right, and not a mere acknowledgment of an antecedent right; that previous to its execution, the plaintiff had no interest in the subject; for the writing does not seem to contemplate any thing antecedent. It seems to speak altogether in the present time.

I know that it is objected that the suits contemplated in the writing could not be assigned. But a man may covenant, for a valuable consideration, to pay over a certain proportion of money which he may recover on a suit of his own. This would be no assignment of the suit or right of action. It would be a mere covenant to pay money upon a contingency.

*New-Haven,*
November,
1814.
Tousey
*v.*
Preston.

But, be this as it may ; if the plaintiff had rights anterior to the contract, which are only recognized and regulated by it ; or if they were created by it ; still when once created, they must be governed by the same rules.

We must, therefore, substantially found ourselves upon the contract ; and the question still recurs, what are the plaintiff's rights and remedies under it ?

There are instances where a man may have an election of remedies. He may either have his action in damages upon his written contract for the breach of it, or he may waive his contract, and claim a sum of money which the defendant holds, the very reception of which might constitute the breach. Here the action would not be founded on the contract ; but the contract would be stated and relied on as inducement. For instance, *A.* receives of *B.* a cargo, and promises by a written contract to transport it to the *West-Indies,* and there vest the avails in a cargo of sugars, and on return to deliver it to *A.* at some port in *Connecticut. B.* accordingly proceeds to the *West-Indies,* procures a cargo of sugars, returns to *New-York,* there disposes of it for money, and puts it in his pocket. In such case, I see not but that *A.* may have his remedy on his contract ; or he may waive that, and sue for the money.

Analogous to this is the present case. If *Preston* was guilty of a breach of contract, as it is contended he was, *Tousey* might have sued him in damages ; but if *Preston* recovered money, to which, in virtue of that contract, *Tousey* had a right or a claim, he might waive his remedy on the contract, and sue for his proportion of the money.

The money recovered by *Preston* of *Samuel Beers,* and respecting which the court directed the jury, proceeded out of the rights contemplated by the contract, and in which the plaintiff was interested, on the execution of the contract, if not before.

In this case, the plaintiff goes for the money ; and under the contract, not as the gist of the action, but as the inducement, and indeed *sine qua non* of recovery, is entitled to receive his proportion of what the defendant may have realized. The court are careful to discriminate, and give a rule by which to determine what that ought to be.

As to the action of account ; a plaintiff cannot arbitrarily waive that, and adopt another, to the essential prejudice of a

*New-Haven,*
*November,*
*1814.*

Tousey
*v.*
Preston.

defendant. But in this case, it does not appear that by waiving the action of account, (for I believe it would have lain) and bringing *assumpsit,* the defendant is deprived of any right, or subjected to any inconvenience. The action is special, and well calculated to guard against any surprise upon the defendant. The court direct the jury to look to the money which *Preston* had actually received, to see how much he was entitled to retain before a dividend be made ; and if they found a surplus, to give *Tousey* his proportion according to the contract ; which, I think, is not only equitable, but legal.

I would not advise a new trial.

In this opinion the other Judges severally concurred.

New trial not to be granted.