ADDISON,
*January*,
1842.

JARED BISHOP *v.* DAVID T. BALDWIN.

In the action of account there is no general issue.

The defendant may plead specially, in bar of the action, any matter which shows there is not now any such subsisting account, between the parties, as that claimed in the declaration.

If such matter be found against the defendant, or he suffer judgment to account by *nil dicit*, the judgment in the latter case, or upon the verdict, conclusively settles all the facts alleged in the declaration, and upon which the account is claimed, except the defendant being in arrear to the plaintiff.

Any defence which might have been pleaded to the action, cannot be pleaded before the auditors.

THIS was an action of account, charging the defendant as partner with the plaintiff, from the fourth of April, 1835, to the fourth of April, 1837, in the business of carding wool and dressing cloth, and that the defendant, during that time, received one thousand dollars more than his just share, to account for, &c.

Upon this declaration judgment to account was rendered in the county court by consent of the parties, and auditors were appointed, who reported a balance in favor of the plaintiff, subject to the opinion of the court upon the facts stated in their report.

It was contended by the plaintiff, before the auditors, that the defendant, having given judgment to account, was estopped from denying the partnership. The auditors decided otherwise and heard the evidence relating to the partnership, which they reported to the county court; but as the case was decided in this court upon the question relating to the effect of the judgment to account, it becomes unnecessary to state the evidence.

The county court rendered a judgment for the defendant, and the plaintiff excepted to the decision.

*U. H. Everest* and — *Seymour* for plaintiff.

After giving judgment to account, the defendant could not, before the auditors, object that he was not liable to account as partner; he should have brought this question before the court, by pleading to the action previous to judgment to

account having been rendered. *Albee* v. *Fairbanks*, 10 Vt. R. 317. *Godfrey* v. *Saunders*, 3 Wilson, 113.

*C. Linsley*, argued for defendant.

The opinion of the court was delivered by

Redfield, J.—This action of account is becoming so frequent, of late, in our courts, that it is important to examine more in detail the rules by which its process and pleadings were regulated, while the action was in use in England. The case of *Godfrey* v. *Saunders*, (C. B. 1770,) 3 Wilson, 94, is a case very fully argued, and very elaborately discussed from the bench ; and although the Chief Justice regrets, that the suit should have been pending fourteen years, albeit it were without the fault of that court, I must still think, in contradiction of the commonly received maxim, that 'what is done out of time is not well done,' that this case does embody the substance of all the law, relative to pleading, in this action. The cases are there collated, and the following rules deduced :

1. 'That whatever matter can be pleaded in bar to the ' action, *must* be *so* pleaded, or it cannot afterwards be ' pleaded before the auditors ; *and this to avoid trouble and* ' *charge to the parties.*'

2. That if the party is once liable to account, then all defences must be pleaded before the auditors, except *plene computavit*, and a release, to which I would add, arbitrament and award, former recovery, accord and satisfaction, and the statute of limitations. The propriety of this last defence, as a plea in bar to the action, I know has sometimes been questioned; but it is so pleaded, in the case under consideration, and no intimation is given that it is not properly pleadable.

3. Nothing can be pleaded before auditors, which was, [or which might have been,] decided before the court, [or by the verdict.]

There is, properly speaking, no general issue. 1 Chit. Pl. 484. The defendant may plead infancy, or that he never was bailiff or receiver, or that he was not tenant in common, &c., or that he did not sustain the particular relation to the plaintiff upon which the account is claimed. *Wheeler* v. *Horne*, Willes. 208. Chit. Pl. *ubi supra*.

If defendant suffer judgment to account to pass by *nil dicit*, he thereby waives all defences which he might have pleaded, and so concedes all the facts stated in the declaration, except his being in arrear. The relation upon which the account is claimed is thus conclusively fixed. The same rule is recognized, in this form of action, in the case of *Albee* v. *Fairbanks*, 10 Vt. R. 314, and in *Chadwick* v. *Divoll*, 12 Vt. R. 499, and in *Hayden* v. *Bates*, Windsor county, 1840, not yet reported. This will exclude the defence here attempted, for the declaration expressly charges the defendant as partner. A different rule of pleading has been adopted in the action of book account, from the necessity of the case. The generality of the declaration allowed and the multifariousness of the relations, out of which that action arises, would render any system of special pleading absolutely intolerable and almost interminable.

Judgment of the county court reversed, and judgment for plaintiff on the report.