GEORGE J. RICHMOND vs. DWIGHT M. CONNELL.

New London Co., May T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A lessee of a farm on shares was to pay the lessor "half of all profits from the farm." Held to mean one half of the products and not half the net profits.

By the contract the lessee was to pay the lessor at stated times during the year "one half the amount of all sales from the farm." Held that the fact that they were tenants in common of the crops could not affect

the right of the lessor to sue for and recover money received by the lessee for such portions of the crops as were sold.

And that it was not necessary that the action should be for an account.

[Argued May 31st—decided July 2d, 1887.]

ACTION to recover of the defendant, as lessee of a farm on shares, one half of certain moneys received by him from sales from the farm; brought before a justice of the peace, and, by appeal, to the Court of Common Pleas in New London County, and tried to the court before *Crump, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is sufficiently stated in the opinion.

*R. M. Douglass,* for the appellant.

*S. S. Thresher* and *L. Brown,* for the appellee.

PARK, C. J. This case grows out of the contract which we have considered in the last preceding case of *Connell v. Richmond.* We there held that the contract constituted the parties tenants in common of the crops raised on the farm leased by the present plaintiff on shares to the present defendant. By that contract Connell agreed to pay Richmond on the first day of June of that year, and every two months thereafter to the end of the year, " one half the amount of all sales from the farm." And by a later clause of the contract he bound himself to pay to Richmond " one half of all profits from the farm, crops, stock, hogs and poultry." The suit is based upon these provisions of the contract.

The defendant claims that the expression, " one half of all profits from the farm," means net profits—profits after deducting all expenses of production. The court below held otherwise, and the defendant claims that the court erred in this ruling.

Such a claim seems to be entirely against reason where land is leased upon shares; that is, where one party fur-

nishes the labor and the other the land. The labor, which is the cost of production, is the very thing which the tenant was to furnish. The manifest meaning of the contract is —that the defendant was to account to the plaintiff for one half of all the products of the farm.

By the terms of the contract the defendant agreed to account to the plaintiff at stated times during the year for one half of all moneys received from the sale of products. The fact that they were tenants in common of the crops until sold could not affect the right of the plaintiff to sue for and recover money received by the defendant for such portions of the crops as were sold.

And there is nothing in the claim that an action of account only would lie. When any portion of the crops was sold the defendant at once held to the use of the plaintiff one half of all the money received from such sale, which could have been recovered in an action of assumpsit at common law and under our practice act in an ordinary suit for the recovery of money.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.