KRESGE, Respondent, vs. MARYLAND CASUALTY COMPANY, Appellant.

*October 9—October 28, 1913.*

*Insurance against liability for personal injuries: Policy construed: "Addition:" "Alteration:" "Construction of a structure:" Subrogation: Bringing in new parties: Discretion.*

1. The putting in, for use in winter only, of extra doors in each of the entrances of a retail store and the creation of a vestibule at each entrance was neither an "addition" to nor an "alteration" of the building, nor was it the "construction of a structure," within the meaning of a policy insuring the occupant of the store against liability on account of injuries accidentally suffered by any person while in such store, but providing that "additions to or alterations in, or the construction of any building or structure, or elevator, are not covered under this policy." The provision quoted did not, therefore, relieve the insured from liability where a customer in the store was injured by stumbling over the tool box of an employee of a contractor who was installing such vestibules and doors.

2. The word "addition" as used in such policy means an enlargement or extension, so as to include additional space; the word "alteration" means a substantial change; and the word "structure" is ordinarily applied to a building of some size.

3. Where ambiguity occurs in an insurance policy prepared by the insurer, the words are to be read most favorably to the insured.

4. Plaintiff, having paid a certain sum in settlement of an action against him for an injury sustained by a customer in his store, brought this action upon a policy insuring him against liability for damages on account of such injuries. The defendant insurance company, claiming that the injury was caused by negligence of a contractor employed by plaintiff, that plaintiff had a remedy against such contractor, and that defendant was entitled to subrogation, asked to have the contractor made a party, under sec. 2610, Stats. *Held,* that the case was not within the compulsory provisions of said section, and that a refusal to make the contractor a party was not an abuse of discretion.

[5. Whether the court, in the exercise of its discretion, might have ordered the contractor to be brought in, and whether the right of subrogation existed, not decided.]

APPEAL from a judgment of the circuit court for Racine county: W. B. QUINLAN, Judge. *Affirmed.*

On April 25, 1910, the defendant issued and sold to the plaintiff a certain policy of insurance, by the terms of which the defendant agreed to indemnify plaintiff for a period of twelve months from the date of the policy against loss from liability for damages on account of injuries accidentally suffered by any person while within or upon the premises of the plaintiff's retail store at 313–315 Grand avenue, Milwaukee, liability of the defendant being limited to $5,000 for injuries to any one person. On November 19, 1910, one Emily Easson entered plaintiff's store through one of the main entrances thereof, and while passing along the aisle of said store tripped or stumbled over a tool box, thereby sustaining injuries. Thereafter on August 22, 1911, said Emily Easson commenced an action against the plaintiff to recover damages for the injuries sustained. On November 28, 1911, plaintiff compromised and settled the claim of said Emily Easson, paying to her $2,500.

This action was brought by the plaintiff against the defendant to recover $3,132.47, damages sustained by reason of defendant's alleged breach of its agreement. The complaint alleged, among other things, that plaintiff gave immediate notice to the defendant of the happening of the injuries to said Emily Easson, but that the defendant repudiated liability under its policy of insurance and refused to defend the action brought against the plaintiff. Defendant's answer denied liability on the ground that the injuries mentioned in the complaint were not within the risk covered by the policy of insurance. The answer further alleged that the plaintiff was not liable to respond in damages for said injuries, because they were the result of contributory negligence on the part of the injured person and were caused by the negligence of an independent contractor, to wit, the Northwestern Furniture Company, which company

was employed by the plaintiff to make additions and alterations to its store, which work was in process at the time of the injuries to said Emily Easson.

The store building of the plaintiff had a frontage of fifty feet and a ground-floor area .of 9,500 square feet. In the front there were three large windows separated by two entrances, which entrances were provided with double swinging doors on the inside. Because such doors did not afford sufficient protection to the employees in cold weather, it was decided to install two vestibules each having two swinging doors therein. These vestibules inclosed about twenty-five or thirty square feet of floor space. The Northwestern Furniture Company was engaged to do the work, and it apparently was one of its employees who left the tool box in such a position that Mrs. Easson stumbled over it and was injured.

A motion by the defendant to cause the Northwestern Furniture Company to be made a party to the above entitled action was denied with costs. From a judgment in favor of the plaintiff and against the defendant for $3,394.05 damages and costs this appeal is taken.

For the appellant there was a brief by Lines, Spooner, Ellis & Quarles, and oral argument by Louis Quarles.

For the respondent there was a brief by Miller, Mack & Fairchild, and oral argument by J. G. Hardgrove.

BARNES, J. Two questions are involved on this appeal: (1) Is the defendant liable on the policy sued on? (2) Did the court err in refusing to make the Northwestern Furniture Company a party defendant?

The policy contained the following provision: "Additions to or alterations in, or the construction of any building or structure, or elevator, are not covered under this policy."

It is claimed by the appellant that the putting in of an extra set of doors in each of the entrances and the creation of a vestibule at each entrance is either an "addition" to or

an "alteration" in the building, or else the "construction of a structure."

It is conceded that the extra set of doors at each entrance was intended for winter use only, and that but one set would be maintained at each entrance during the summer months. The operation was somewhat more elaborate than the usual putting in place of storm doors and windows, but was of the same general nature. We think it is quite plain that the vestibule did not constitute an addition to the building. The word "addition" as there used should be held to mean enlargement or extension, so as to include additional space. Neither do we think that a temporary device put in place to keep out the wind and cold in the winter time should be held to constitute an alteration of the building itself within the meaning of the policy. There was no substantial change made in the structure, if indeed there was any change at all, and we think the word "alteration" should be held to mean a substantial change. *Bigelow v. Worcester,* 169 Mass. 390, 48 N. E. 1; *Comm. v. Hayden,* 211 Mass. 296, 97 N. E. 783. It is also apparent that the putting in place of these doors was not the "construction of a structure." In its usual and ordinary sense the word "structure" is applied to a building of some size, an edifice. Webster's Dict. The policy was prepared by the defendant, and where ambiguity occurs therein the words are to be read most favorably to the insured. *Bakalars v. Continental C. Co.* 141 Wis. 43, 46, 122 N. W. 721; *French v. Fidelity & C. Co.* 135 Wis. 259, 265, 115 N. W. 869; *Summerfield v. Phœnix Assur. Co.* 65 Fed. 292, 297; *Gillet v. Bank of America,* 160 N. Y. 549, 55 N. E. 292. It seems reasonably certain that what the defendant aimed to protect itself against was the danger incident to the construction work and the wrecking of buildings, and not to a trifling act such as is here involved.

The remaining question is: Did the court err in refusing to make the Northwestern Furniture Company a party de-

fendant? The appellant insists that it has a right of subrogation, and that, having such right, it is entitled to have the Furniture Company before the court to the end that it might be bound by any judgment rendered which adjudicated that the plaintiff was legally liable for the injuries sustained by Mrs. Easson.

Sec. 2610, Stats., makes it obligatory on the court to bring in additional parties when a complete determination of the controversy cannot be had without their presence, or where the subject matter of the controversy is such that persons not before the court have such an interest therein as requires them to be made parties for their due protection.

It is obvious that the case does not fall within the compulsory provisions of this section. The controversy between the parties to this suit can be fully and finally settled without the presence of the Furniture Company. It is not necessary that the latter company should be made a party for its protection, because it is not concluded by the result reached on any question litigated in the present action in which it is interested. We do not pass upon the question whether the court in the exercise of its discretion might not have made the order asked for. We simply hold that it is not an abuse of discretion to refuse to do so. Neither do we decide whether or not the right of subrogation exists. The Furniture Company is interested in that question, and is entitled to be heard upon it at the proper time.

*By the Court.*—Judgment affirmed.

MARSHALL, J., dissents.