LILLIAN M. KANE, GUARDIAN (ESTATE OF WILLIAM J. SHEEHAN) *vs.* JAMES H. KANE.

ELIZABETH L. KANE *vs.* JAMES H. KANE.

MALTBIE, C. J., HAINES, HINMAN, AVERY and FOSTER, Js.

Argued May 10th—decided June 27th, 1935.

 

*Josiah H. Peck,* for the appellants (plaintiffs).

*Alexander W. Creedon,* for the appellee (defendant).

AVERY, J. These two cases were tried together. The pleadings are long and involved, and no useful purpose would be served by attempting to state them in detail. One suit was brought by Lillian M. Kane as guardian to recover upon a promissory note signed by the defendant; the other suit was brought by Elizabeth M. Kane (who is the same person as Lillian M. Kane) against the defendant asking for an accounting for cash and securities claimed to have been placed in his hands. After trial, judgment in each case was entered in favor of the defendant and the plaintiff has appealed. No claims of law were made upon the trial.

The only claimed errors upon the appeal of Lillian M. Kane, Guardian, are in the facts found by the court and in the refusal of the court to find certain other facts which the appellant claims were admitted or undisputed. From a careful examination of the evidence which has been certified and of the exhibits in the record, we are satisfied that the facts as found by the trial court are substantiated by the testimony. These may be briefly summarized as follows: Elizabeth M. Kane and James H. Kane were married February 5th, 1927, and lived together as husband and wife until October 19th, 1930. At the time of the marriage, Mrs. Kane was a widow and had a son, William J. Sheehan who, at that time and at the time of the trial of this action, was a minor. Under the name of Lillian M.

Kane, Mrs. Kane was duly appointed guardian of the minor's estate by the Court of Probate for the district of New Haven and is still acting in that capacity. On July 16th, 1928, the defendant made and delivered to the plaintiff a note, as follows: "$22,000.00 West Hartford, Conn., July 16, 1928. Five (5) years after date, I promise to pay to Lillian M. Kane, as Guardian of the Estate of William J. Sheehan, minor, the sum of Twenty-two Thousand ($22,000) Dollars, with interest at the rate of six (6) per cent. per annum, payable annually from date. I reserve the right, however, to pay this note in part or in whole any time before maturity. (Signed) James H. Kane." On the same day, the defendant executed and delivered to the plaintiff a mortgage on property which he owned in West Hartford to secure the note. No payment was ever made on account of the principal or interest.

Prior to their marriage, the defendant was interested with other persons in the purchase of certain real estate on Cape Cod, Massachusetts, the title of which stood and still stands in the name of Augustine Lonergan, as trustee, and the defendant owns a one-fifth interest in the project. The property consisted of two pieces; the first of forty acres was purchased for $32,000, the seller received $12,000 in cash and took back a $20,000 first mortgage which has been paid in full. The second piece, adjoining the first, consisted of fifty acres and was purchased for $65,000, the seller received $25,000 in cash and took back a first mortgage of $40,000 which mortgage is now in default. In January, 1926, the year before their marriage, Mrs. Kane and the defendant had conversations with regard to this project, and at that time she sent him $2,000 to be invested in it. At first, the agreement between Mrs. Kane and the defendant was indefinite in relation to her purchase of the interest in the property but subse-

quent thereto and prior to their marriage, Mrs. Kane agreed to purchase and did purchase, and the defendant agreed to sell and did sell to her the interest which he had in this real estate. Prior to the marriage, Mrs. Kane, through her broker in New Haven, forwarded to the defendant certain moneys and delivered to him certain bonds and, under her instructions, he sold and invested the proceeds, together with the moneys received from her, to the total amount of $14,812.34, in the Cape Cod real estate. At her request, he continued to hold the interest which he had in the real estate in his own name and after their marriage at her request and for the purpose of protecting her interest in case anything should happen to him, he executed his note and a mortgage securing the same to her as guardian. The defendant did not know that any of the securities turned over to him, which were negotiable in form, belonged to Mrs. Kane as guardian but understood that they were hers individually. No consideration for the mortgage and note passed at the time they were given and it was agreed between the parties by mutual understanding that the mortgage was simply to secure her interests in case of anything happening to him; that he should not be requested to pay all or any part of the principal or interest thereof; and that when the Cape Cod property interest of the defendant was turned over to her or sold she would discharge the liability of defendant on the mortgage. The interest of Mrs. Kane in the real estate has not been turned over to her or sold and still stands in the defendant's name. Upon these facts, the court ordered that judgment be entered for the defendant upon his assigning and transferring to the plaintiff all of the interest in the Massachusetts property standing in his name. In this there was no error.

In the suit brought by Mrs. Kane individually

against the defendant, she claimed that she had transferred to him certain stock of the Gray Telephone Pay Station Company, and certain securities and cash, and asked for an accounting. The answer in substance alleged that all moneys received had been properly expended. The finding of the court is to the effect that Mrs. Kane caused certain stock of the Gray Telephone Pay Station Company that she owned to be transferred to the name of her husband and that he received dividends thereon while it stood in his name, and acting on her instructions he sold some shares and bought other shares of the stock of that company from the proceeds, and he received from time to time checks from her to be cashed; and that all the moneys which he had received from her, he expended under her instructions in paying bills contracted by her son or by her prior to her marriage or contracted upon her sole account subsequent to her marriage or in paying joint bills of the family incurred beyond the status of necessaries. In addition thereto, he paid for these purposes large sums of his own money. The evidence supports these findings. The action of account as recognized by our statutes, General Statutes, §§ 5834 to 5837, is the common-law action of account somewhat amplified. *Lacon* v. *Davenport,* 16 Conn. 331, 341; *Day* v. *Lockwood,* 24 Conn. 185, 193. In such an action the court does not go into the items of the account but only pleas attacking the right of the plaintiff to have an accounting are permitted. The defense "fully accounted" means that a full account has been rendered, not that all the money received has been properly expended. *Mott* v. *Downer,* 1 Root, 425; *Bishop* v. *Baldwin,* 14 Vt. 145; *McPherson* v. *McPherson,* 33 N. C. 391. The judgment of the court in an action for an accounting is, if an issue is pending raising the right of the plaintiff to have it, that there be an ac-

counting, which then is taken in accordance with the provisions of the statutes. The finding in this instance goes no farther than that the account offered at the trial was an account which showed that the defendant had properly expended all money received. It appears from the finding that the plaintiff made no claims of law respecting the judgment to be rendered. If she had claimed at the trial that there should be a judgment for an account, very likely the court would have rendered such a judgment. So far as appears from the pleadings and the finding, the case was tried upon the theory, adopted by the trial court, that the case was one of assumpsit upon an open account. *Tousey* v. *Preston,* 1 Conn. 175, 179; *Fowler* v. *Fowler,* 50 Conn. 256, 257; *Richmond* v. *Connell,* 55 Conn. 403, 405, 11 Atl. 853. Inasmuch as it appears from the finding that the defendant had properly expended all money received, the claim of the plaintiff, made for the first time in this court, that the trial court should have rendered judgment for an accounting is without merit.

The appellant requested the trial court to make certain findings in reference to burglary insurance collected by the defendant upon a diamond ring stolen from the plaintiff. The trial court refused to make such findings upon the ground that this matter was wholly outside the issues raised by the pleadings. Facts proved but not averred cannot be made the basis of a recovery. *Whiting* v. *Koepke,* 71 Conn. 77, 79, 40 Atl. 1053; *Stein* v. *Coleman,* 73 Conn. 524, 529, 48 Atl. 206; *Greenthal* v. *Lincoln, Seyms & Co.,* 67 Conn. 372, 378, 35 Atl. 266; *New Idea Pattern Co.* v. *Whelan,* 75 Conn. 455, 458, 53 Atl. 953. As there were no allegations in the pleadings in either case in relation to the diamond ring, no judgment could have been based upon any facts in relation thereto. Even though the trial court had admitted evidence upon this subject,

as the matter was wholly outside the issues raised by the pleadings, no judgment could have been founded upon it and the court was not required to make any finding based upon such evidence.

There is no error.

In this opinion the other judges concurred.