AMOS HILL *vs.* THE EMPLOYERS' LIABILITY ASSURANCE
CORPORATION, LIMITED.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued October 8th—decided November 6th, 1936.

*John T. Robinson* and *Jacob I. Suisman,* for the appellant (plaintiff).

*Martin E. Gormley,* with whom was *Adrian W. Maher,* for the appellee (defendant).

HINMAN, J.   The complaint alleged and the answer admitted that the defendant issued to the Savings Bank of Rockville through the defendant's agent Lebbeus F. Bissell, doing business under the name of "L. Bissell & Son," a blanket public liability policy insuring the bank against loss or damage from bodily injuries accidentally sustained by any person or persons other than employees of the assured while within premises described in declarations attached to the policy, by reason of the occupation, use, maintenance or control of the premises by the assured, for one year from January 1st, 1934.   The premises so described included a building located on North Street in Hartford, which, on or about June 4th, 1934, the bank sold and conveyed to Clark and Zirone.

It was alleged, further, as follows:   That at the time of the conveyance Clark and Zirone paid to the bank the unearned part of the premium on the policy, so far as related to the premises, that the bank notified Bissell, the duly authorized agent of the defendant, of the sale and conveyance and of the transfer of the policy so far as it related to the premises, and the defendant in accordance with its customary practice consented to the transfer, and that on June 23d, 1934, the policy was in full force and effect and in so far as it related to the premises conveyed to them Clark and Zirone were the beneficiaries of the assured under it.   On that day the original plaintiff, Amos Hill, was a tenant of Clark and Zirone, occupying a tenement on the third floor of the building, and sustained injuries

while descending the stairway leading therefrom, which injuries he claimed were caused by the negligence of his landlords in failing to provide a handrail on the stairway and to light the hall where the stairway was located. He instituted an action against Clark and Zirone to recover damages for these injuries in the Superior Court in Hartford County, the present defendant was duly notified of the claim and action but refused to defend, and after a trial judgment was rendered for the plaintiff to recover $1611.50 damages and his costs. The judgment being unsatisfied, the plaintiff claimed in the present action, under § 4231 of the General Statutes, recovery of the amount thereof from this defendant.

The effect of the denials in the first defense of the answer was to put in issue the allegations calculated to establish that Clark and Zirone became entitled to the benefits of the policy and were the beneficiaries of and assured under it in so far as it related to the premises conveyed to them. The second defense set forth that the policy issued by the defendant to the bank contained certain exclusions, including one that it "shall not cover injury or death . . . (5) growing out of or due to the making of additions to, structural alterations in, or extraordinary repairs of the said premises unless a written permit is granted by the Corporation specifically describing the work and an additional premium is paid therefor." It then alleged facts concerning changes and repairs being made in the premises prior to and at the time of the plaintiff's injuries and that these constituted "additions, structural alterations and extraordinary repairs," and that "no written permit for the continuing of such insurance having been granted by the defendant" and "no additional premium for the extraordinary hazard caused by such additions, structural alterations and

extraordinary repairs having been paid" by the bank or Clark and Zirone, "said policy was therefore null and void at the time of the alleged accident to the plaintiff" and he is not entitled to recover the amount of the judgment from the defendant. The plaintiff's reply in effect was a general denial and he subsequently added, by amendment, an allegation that the defendant is estopped from denying that Clark and Zirone acquired an interest in the policy when the defendant's agent was notified thereof on June 6th, 1934.

At the opening of the trial the plaintiff moved that the defendant be required to elect whether to stand upon the first or the second defense, and the denial of this motion is assigned as error. However there are not, here, the "wholly inconsistent claims" pursuit of which resulted in such complications as led us to direct that an election be required in *Rochon* v. *Preferred Accident Ins. Co.*, 118 Conn. 190, 196, 171 Atl. 429, on which the appellant relies. See *Hoard* v. *Sears Roebuck & Co., Inc.*, 122 Conn. 185, 188 Atl. 269.

Pertaining to the issue raised by the first defense— whether or not Clark and Zirone became assured and entitled to benefit under the policy, the trial court found that when the bank conveyed the premises to Clark and Zirone it took back and thereafter held a mortgage on the premises; that it collected from the grantees a sum representing the unearned part premium on the policy so far as it related to these premises; that it notified Bissell of the transaction "for the purpose of effecting a transfer of the interest in said policy to said Clark and Zirone." The finding states, further, that on receiving this notice Bissell caused a fire insurance policy upon the premises to be transferred by indorsement to Clark and Zirone but did not make any indorsement showing the transfer of the interest in this liability policy, for the reason that he believed

that an indorsement already attached to the policy applied to the situation and extended the benefits of the policy to Clark and Zirone. The latter relied upon the notice so given and upon their payment of premium and believed that they were covered by the policy.

The trial court further found, however, that while Bissell was an insurance agent authorized to transact all lines of insurance for the defendant he "had power only to solicit insurance, deliver the policies and collect the premiums;" that he did not notify anyone connected with the defendant of this transfer until June 29th (which was after the accident) and that "prior to that time the defendant had received no notice that the property owned by the Savings Bank had been conveyed to Clark and Zirone. So far as it knew the Bank still owned the property." The appellant assigns error in the two statements just quoted. As to the first of these it appears from the evidence, especially from the numerous indorsements or riders which were countersigned and affixed to the policy during its term, both before and after the accident, by Bissell, that in addition to the powers attributed to him by the finding he had authority to receive notice of transfers such as that here involved and to make indorsements appropriate thereto and, it follows, had a consequent duty to notify the defendant company thereof. This being so, the information communicated to the agent pertaining to a matter in which he was authorized to act and affecting the liability of the principal, the insurer— there being no element of fraud involved—became the knowledge of the principal. *MacKay* v. *Aetna Life Ins. Co.*, 118 Conn. 538, 548, 173 Atl. 783; *Enfield* v. *Hamilton*, 110 Conn. 319, 148 Atl. 353; *Dresser & Son* v. *Allemannia Fire Ins. Co.*, 101 Conn. 626, 126 Atl. 912; *Back* v. *Peoples National Fire Ins. Co.*, 97 Conn.

336, 116 Atl. 603; *National Reserve Ins. Co.* v. *Scudder,* 71 Fed. (2d) 884, 887; 2 Couch, Insurance Law, § 525. These attacked findings therefore are devoid of requisite support.

Pertaining to the changes and repairs alleged, in the second defense, to have been undertaken by Clark and Zirone, the finding states that immediately upon taking possession of the property they gave notice to all the tenants, of whom the plaintiff was one, to vacate the premises and began alterations and repairs consisting of converting a tenement which, together with one store, occupied the ground floor of the building, into another store. This involved a change in the level of the floor of that portion occupied by the tenement and because of this the electric meter which had been located in the cellar under this tenement was removed so that there were no lighting facilities in the building which would permit illumination of the common hallway. The appellant assigns as error the finding as an ultimate fact that these changes constituted "structural alterations in, or extraordinary repairs of," the premises. The uncontradicted evidence as to the nature of the changes shows that they included the lowering of the floor of the tenement to conform to the level of that of the other store, the removal of partitions and the installation of columns and beams to carry the floor above, and an addition in the rear for a bakery oven. The lowering of the floor necessitated disconnecting the electric main running from the underground to the meter board. The facts found, especially when read in the light of the evidence from which they were derived, amply justify a finding that they amounted to such structural alterations and extraordinary repairs as to come within the scope of the policy provision requiring a written permit therefor and the payment of an additional premium. The facts

are quite analogous to those in *Plaza Amusement Co. v. Rothenberg,* 159 Miss. 800, 131 So. 350, and *United States F. & G. Co.* v. *Southland Life Ins. Co.* (C. C. A.) 22 Fed. (2d) 731. See also 3 Words & Phrases (4th Series) p. 567. The cases upon which the appellant relies (*Syracuse Malleable Iron Works* v. *Travelers Ins. Co.,* 170 N. Y. Sup. 351, affirmed 230 N. Y. 532, 130 N. E. 882; *Kinston Cotton Mills* v. *Liability Assurance Corp.,* 161 N. C. 562, 77 S. E. 682; *Kresge* v. *Maryland Casualty Co.,* 154 Wis. 627, 143 N. W. 668; *Pilgrim* v. *Aetna Life Ins. Co.,* 91 N. J. L. 258, 102 Atl. 445) are either not in point or definitely distinguishable.

The finding is unquestioned that prior to the accident no permit was granted or additional premium paid and that the defendant had no knowledge thereof until notified of the injuries and claim of the plaintiff and of the action instituted by him against Clark and Zirone. However, the further finding, that "the injuries sustained by the plaintiff grew out of and were due to the making of said structural alterations . . . and extraordinary repairs," and the conclusion, which is the only one stated in the finding, that the injuries "having grown out of and being due to" these alterations and repairs "the defendant is relieved of liability under the policy," are attacked on the ground that no issue such as that to which they pertain was raised by the pleadings or before the court on the trial. In this contention the appellant appears to be warranted. The only issue, under the pleadings, to which evidence and adjudication of the nature of the alterations and repairs was relevant was that raised by the second defense—whether they were such as, under the policy provision quoted therein, to require the insured to obtain a permit therefor and pay an extra premium. We find no indication in the record that the debatable

question whether or not the plaintiff's injuries grew out of or were due to the alterations or repairs was within the scope of the case as pleaded and tried. The finding states that the claim on which the plaintiff recovered judgment against Clark and Zirone was that his injuries were caused by their "negligent failure to provide for the lighting of [the] common hall and stairway . . . and a handrail along the three upper steps." There is no suggestion that the question whether the failures alleged and the resulting injuries were due to structural alterations or repairs was in issue or determined in that case, and the finding affords no other support for the finding of ultimate fact. Also this, and the conclusion, based thereon, the only one stated in the finding upon which the judgment rendered could rest, were foreign to any issue raised by the pleadings. Torts not involved in those issues cannot properly be made the subject-matter of an adjudication. *DiNino* v. *DiLoreto,* 107 Conn. 124, 140 Atl. 733; *Kane* v. *Kane,* 120 Conn. 184, 189, 180 Atl. 308. "A judgment cannot be founded on a finding of facts not in issue, although they may have been shown in evidence to which no proper objection was taken." *New Idea Pattern Co.* v. *Whelan,* 75 Conn. 455, 458, 53 Atl. 953; *Modern Home Utilities, Inc.* v. *Garrity,* 121 Conn. 651, 654, 186 Atl. 639.

The finding does not contain any conclusions determining the issues raised by the pleadings as we have construed them. Any conclusion that the notice to Bissell of the transfer of title did not suffice to bind the defendant which might be deduced from the memorandum of decision and be germane to the issue under the first defense would be vitiated by our correction of the finding as to the scope of the authority of the agent for the defendant; also the plaintiff's claim of estoppel would be left undetermined.

Although error requiring a new trial must be found upon the ground just discussed, we mention one further assignment, which alleges error in overruling the plaintiff's claim of law that the policy provision quoted in the second defense did not constitute a condition violation of which would render the policy "null and void" as that defense alleged. When a policy insures generally against a particular risk but contains a clause exempting the insurer from liability for a loss caused or arising in a specified manner, but which otherwise would have fallen within the general terms of the policy, that clause is to be regarded as having been inserted by way of proviso, and not as constituting a condition precedent, and should be so pleaded. *Lounsbury* v. *Protection Ins. Co.*, 8 Conn. 459, 466; *Fogarty* v. *Fidelity & Casualty Co.*, 120 Conn. 296, 299, 180 Atl. 458; 6 Cooley, Briefs on Insurance (2d Ed.) p. 5003. The clause here relied on was clearly such an exclusion, rather than a condition breach of which would entirely void the policy, and should have been pleaded and treated as such.

There is error and a new trial is ordered.

In this opinion the other judges concurred.