GEORGE H. RUSSELL v. EVYLIN K. G. RUSSELL

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 66594

Memorandum filed June 7, 1946.

*Frederick E. Morgan,* of Bridgeport, and *Raphael Korff,* of Bridgeport, for the Plaintiff.

*Stoddard, Persky & Eagan,* of New Haven, and *Omar W. Platt,* of Milford, for the Defendant.

QUINLAN, J.  This case immediately followed another which, like this, concerned transactions between husband and wife and both of them were involved in their detail.  For the convenience of the court a fairly simultaneous disposition seem-ed desirable inasmuch as the copious citations in the one might prove to be applicable to the other.  This required a continuity of application which current business prevented until the pres-ent time.

From 1924 on, these parties had a not too clear relationship, although I am convinced, on most of the disputed questions of fact, that even though the plaintiff's conduct has not always been exemplary he is to be believed as against this defendant. As I suspected when the defendant's testimony was coming in regarding her claimed loan of $10,000 to her sister, the latter's deposition confirmed the court's ideas and showed the defend-ant to be falsifying.

In any event they were finally married on March 27, 1937. The intervening period so far as this memorandum is concerned is not of great importance because the earnings of the plaintiff never exceeded $47 per week and the recorded savings were not startling in their amounts considering that the plaintiff un-questionably had at least one piece of real estate during this period.  From that time on the deposits were constant and be-came considerable in amount, and the plaintiff's earnings from 1940, through the war, kept step with the deposits.  These earn-ings were not a gift to the defendant but were a joint fund in her hands, placed there "with the mutual understanding that she was to handle it for their mutual advantage, the first re-quirement being that she pay the family obligations, and there was no express understanding or agreement beyond this."  As to these earnings of the plaintiff, "the law will presume that the parties intended an equal division of the results of their joint efforts."  *Dolan* v. *Dolan,* 107 Conn. 342, 349, 350.  The action for an accounting under General Statutes, §§ 5834-5837 "is the common-law action of account somewhat amplified." *Kane* v. *Kane,* 120 Conn. 184, 188, even though it is speci-fically denied a jury trial.  General Statutes, § 5624.  *Kane* v. *Kane,* supra.

The judgment of the court is that there shall be an account- ing from March 27, 1937, in accordance with the foregoing, and one-half the amount of said earnings so accounted for shall be paid to the plaintiff.