## HAWKEYE CASUALTY CO. v. FRAZIER.

### No. 4052.

United States Court of Appeals
Tenth Circuit.

July 6, 1950.

466

Kenneth M. Wormwood, Denver, Colo. (William T. Wolvington, Denver, Colo., on the brief) for appellant.

S. Philip Cabibi, Pueblo, Colo., for appellee.

Before BRATTON, HUXMAN, and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This was an action on a policy of insurance issued to Elsie I. Frazier by the appellant, the Hawkeye Casualty Company. The policy is what is known as an Owner's, Landlords' and Tenants' Policy. It covered the legal liability of insured at the designated premises for damages for loss of services for which the insured was liable on account of bodily injury, including death, sustained by any person caused by an accident and arising out of the ownership, maintenance or use of the premises described in the policy. It excepted from coverage, so far as material here, any liability imposed on the insured resulting from structural alterations, new construction or demolition work, unless a written permit for such work was attached to the policy. No written permit for the operations in progress when the injury was suffered for which liability was sought against the company was attached to the policy.

While the policy was in force, the insured entered into an oral contract for certain work on the assured premises. This work, in general, consisted in putting on a new asbestos roof, asbestos shingles on the siding, removing a decayed downspout and replacing it with a new one, removing a wooden porch and replacing it with a concrete slab, and changing a couple of windows into doors. The old downspout was removed and no new one was installed prior to the time of the accident.

On the evening of January 22, 1945, Eva Edwards, a tenant in the building, was returning to her apartment. She stepped on some ice on the private sidewalk leading from the public sidewalk to the house and sustained bodily injuries. The ice apparently accumulated from drippings from melting ice and icicles on the roof. Had a proper downspout been in place, it perhaps would not have accumulated.

Eva Edwards instituted suit against Elsie I. Frazier in the State Court and recovered judgment. Appellant refused to pay the judgment. Appellee then paid the judgment and filed this suit against appellant in the court below for the amount so paid. Judgment was entered in her favor and this appeal followed.

The insurance company defended on the ground that it was not liable because the accident and resultant injury came within that portion of Section (b) of the policy which excluded injury or death caused by or "through structural alterations, new construction or demolition work unless written permit for such work is attached." The only question in the case is whether the removal of the downspout constituted a structural alteration.

Appellant in its brief states that the downspout was removed so that asbestos siding could be put on the house. While not decisive of the issue, the record does not sustain this broad statement. We think

that a fair interpretation of the evidence is that the downspout was removed because it was defective and was to be replaced with a new one. Had the old downspout been removed merely to enable the installation of the new asbestos shingles, it no doubt would have been replaced when these shingles were installed. A new downspout was not installed by the contractors because it could not be obtained during the war.

■ This action arose in Colorado and is controlled by Colorado law. No decision is cited and our search has failed to reveal one by a Colorado Court drawing a line of demarcation between what constitutes ordinary repairs and what constitutes structural alterations.

■ In Hardware Mutual Casualty Co. v. Hilderbrandt, 10 Cir., 119 F.2d 291, 300, our court has defined structural alteration as follows:

"A structural alteration of a building or its equipment is one which affects some portion thereof in a vital and substantial manner, and changes its characteristic appearance. It denotes a change or substitution in a substantial particular." [1]

■ Removing a worn out downspout and replacing it with a new one or covering defective siding with new siding, constitutes a repair and not a structural alteration. Since the injury occurred and resulted from these operations, it follows that the injury was not caused by or through any structural alterations of the building.

The conclusion we have reached makes it unnecessary to consider whether changing two windows into doors and replacing a wooden porch with a concrete one are of sufficient magnitude to constitute structural alterations within the meaning of the exclusion clause. Even if they be so considered, appellant would not be relieved of liability because the injury suffered was not the proximate result of such operations.[2]

Affirmed.

1. Kinston Cotton Mills v. Liability Assurance Corp., 161 N.C. 562, 77 S.E. 682; Kresge v. Maryland Casualty Co., 154 Wis. 627, 143 N.W. 668; Hill v. Employ-

ers' Liability Assurance Corp., 122 Conn. 193, 188 A. 277.

2. Maryland Casualty Co. v. Scharlack, 5 Cir., 115 F.2d 718.