[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSES AND CERTAIN COUNTERCLAIMS (#104)
The plaintiff, FreshNex, Inc., ("FreshNex") brings this action for damages against the defendant, Mount Vernon Strategies, Inc., ("Mount Vernon"). In its single count complaint, FreshNex alleges that Mount Vernon agreed to develop a business plan for FreshNex pursuant to a contract but that Mount Vernon failed to develop the plan in accordance with the contract's terms. FreshNex asserts that Mount Vernon's breach of contract resulted in damages to FreshNex for which it seeks recovery.
On June 6, 2000, Mount Vernon filed an answer to the complaint, four special defenses and three counterclaims. The special defenses alleged by Mount Vernon are: (1) that FreshNex has failed to state a claim upon which relief may be granted; (2) that FreshNex's claims are barred by the applicable statute of limitations; (3) that FreshNex's claims are barred by the doctrine of laches; and (4) that FreshNex's claims are barred by waiver and estoppel.
The three counterclaims alleged by Mount Vernon are: (1) breach of contract; (2) unjust enrichment; and (3) a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, etseq.
FreshNex has moved to strike Mount Vernon's four special defenses as well as the second and third counts of the counterclaim. As to the first special defense, FreshNex asserts that Connecticut no longer recognized "failure to state a claim upon which relief may be granted" as a special defense. As to the second special defense, FreshNex claims that the defense should be stricken because Mount Vernon has not identified the statute that forms the basis of the statute of limitations defense. As to the third and fourth special defenses, FreshNex argues that Mount Vernon has not alleged the essential elements of laches, waiver or estoppel.
FreshNex has also moved to strike the second and third counts of Mount Vernon's counterclaim. As to the second count, FreshNex asserts that the claim for unjust enrichment should be stricken because Mount Vernon has contractual remedies available. With respect to the unfair trade practices claim alleged in the third count, FreshNex argues that it should be stricken because it is not engaged in the trade or business of preparing business plans.
For the reasons set forth below, the motion to strike the first special defense and the third count of the counterclaim is granted. With respect to the other defenses and counterclaim counts, the motion to strike is denied.
 DISCUSSION
CT Page 1078
"[A] plaintiff can [move to strike] . . . a special defense or counterclaim" Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see also Connecticut National Bank v. Voog, 233 Conn. 352, 354-55,659 A.2d 172 (1995) (The plaintiff filed a motion to strike the defendant's special defenses, which was granted by the trial court.). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). "In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
 FIRST SPECIAL DEFENSE FAILURE TO STATE A CAUSE OF ACTION
Mount Vernon's first special defense is nothing more than a general statement that the complaint does not state a cause of action. Such a statement, is insufficient to properly raise a special defense. Ayala v.L.B.I. Acquisition Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 417420 (October 1, 1999, Devlin, J.) ("The weight of authority in superior court decisions is that a special defense like the one at issue in this case is improper and should be stricken. . . . All of these cases turn on the common theme that our rules entitle a plaintiff to a reasonable factual basis as to the nature of the defense asserted.").
In the present case, Mount Vernon alleges that "[t]he plaintiff has failed to state a claim upon which relief may be granted." Such a general statement, without more, fails to comply with the rules of practice because it asserts no facts, but instead states a legal conclusion. It provides no factual basis to the plaintiff as to the nature of the defense asserted by the defendant. Ayala v. L.B.I. Acquisition Corp., supra, Superior Court, Docket No. 417420. FreshNex's motion to strike the defendant's first special defense is granted.
 SECOND SPECIAL DEFENSE STATUTE OF LIMITATIONS
Practice Book § 10-3 provides in relevant part that "[w]hen any claim made in a . . . special defense . . . is grounded on a statute, the statute shall be specifically identified by its number." The requirement that the pleader specifically identify the number of the statute upon which he relies is, however, "directory rather than mandatory." Rowe v.CT Page 1079Godou, 209 Conn. 273, 275, 550 A.2d 1073 (1988); but see Peerless Ins.Co. v. Tucciarone, 48 Conn. App. 160, 163 n. 3, 708 A.2d 611 (1998) (noting that "[a]lthough it is not mandatory . . . the preferred manner of pleading is to identify specifically the number of the statute relied on."). "Although a proper pleading should set forth the particular statute(s) upon which the plaintiff relies . . . the failure to do so does not effect the viability of the pleading but may be the proper subject of a request to revise." Burns v. Landers, Superior Court, judicial district of Rockville, Docket No. 61.671 (November 24, 1997,Sullivan, J.) (21 Conn. L. Rptr. 24).
In the present case, Mount Vernon alleges in its second special defense that "[t]he plaintiff's claims are barred by the applicable statute of limitations." FreshNex argues that the defense fails to identify the statute that forms the basis of its statute of limitations defense and, therefore, fails to provide it with adequate notice. Although the special defense does not set forth the specific statute, the rules of practice regarding allegations based on statutory grounds are directory rather than mandatory. Rowe v. Godou, supra, 209 Conn. 275. FreshNex's motion to strike the defendant's second special defense is therefore denied.
 THIRD AND FOURTH SPECIAL DEFENSES LACHES, WAIVER AND ESTOPPEL
Our Supreme Court has held that a defendant may assert as many special defenses as he may deem necessary, so long as the special defenses are not inconsistent. Hill v. Employers' Liability Assurance Corp., Ltd.,122 Conn. 193, 197, 188 A. 277 (1936). Certain defenses must be raised by the filing of a special defense. Bennett v. Automobile Ins. Co. ofHartford, 230 Conn. 795, 802, 646 A.2d 806 (1994). For example, estoppel need not be specifically pleaded, but waiver and laches must. Gelinas v.West Hartford, 225 Conn. 575, 589 n. 16, 626 A.2d 259 (1993); Jones v.Civil Service Commission, 175 Conn. 504, 511, 400 A.2d 721 (1978);Peckheiser v. Tarone, 186 Conn. 53, 61, 438 A.2d 1192 (1982).
In the present case, Mount Vernon alleges in its third and fourth special defenses that the FreshNex's claims are barred by the doctrine of laches, waiver and estoppel. FreshNex argues that the court should strike the defendant's third and fourth special defenses because Mount Vernon fails to allege the essential elements of a laches, waiver or estoppel defense. As note above, a defendant may assert as many special defenses as he may deem necessary so long as the special defenses are not inconsistent. Hill v. Employers' Liability Assurance Corp., Ltd., supra,122 Conn. 197. Mount Vernon's third and fourth special defenses in the present case are all based on principles of equity and are not inconsistent. Viewed in the light most favorable to sustaining their CT Page 1080 legal sufficiency, the third and fourth special defenses allege enough facts to survive a motion to strike. Connecticut National Bank v.Douglas, supra, 221 Conn. 536. FreshNex's motion to strike the defendant's third and fourth special defenses is denied.
 COUNTERCLAIM: SECOND COUNT UNJUST ENRICHMENT
Our Appellate Court has held that "[t]he right of recovery for unjust enrichment is equitable. . . ." (Internal quotation marks omitted.)Polverari v. Peatt, 29 Conn. App. 191, 200, 614 A.2d 484, cert. denied,224 Conn. 913, 617 A.2d 166 (1992). Recovery is appropriate, therefore, when "the defendant . . . [retains] a benefit which has come to him at the expense of the plaintiff." (Internal quotation marks omitted.) Id. "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Internal quotation marks omitted.) Id., 201.
In the present case, Mount Vernon alleges in the second count of its counterclaim that Freshnex has been unjustly enriched from the services provided by Mount Vernon, while Mount Vernon has suffered damages. FreshNex argues that the court should strike the defendant's second counterclaim for unjust enrichment because there are contractual remedies available to Mount Vernon. Recovery for unjust enrichment is appropriate when a defendant retains a benefit that has come to him at the expense of another. Polverari v. Peatt, supra, 29 Conn. App. 200. The second count of the Mount Vernon's counterclaim, viewed in the light most favorable to sustaining its legal sufficiency, alleges enough facts to be able to state a claim for unjust enrichment and survive a motion to strike.Connecticut National Bank v. Douglas, supra, 221 Conn. 536. Accordingly, FreshNex's motion to strike the second count of the defendant's counterclaim must be denied.
 COUNTERCLAIM: THIRD COUNT CUTPA
General Statutes § 42-110b(a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "The terms trade and commerce are defined in General Statutes § 42-110a(4) as the advertising, the sale or rent or lease . . . or the distribution of any services . . . or thing of value in this state." (Internal quotation marks omitted.) Quimbyv. Kimberly Clark Corp., 28 Conn. App. 660, 670, 613 A.2d 838 (1992). "In order to allege properly a CUTPA violation, the plaintiff must allege, CT Page 1081 inter alia, that the defendant engaged in the allegedly wrongful conduct with such frequency as to indicate a general business practice." (Internal quotation marks omitted.) Id., 669.
In the present case, Mount Vernon alleges in the third count of its counterclaim that FreshNex has committed unfair and deceptive trade practices by failing to pay the defendant for services rendered. FreshNex asserts that the court should strike the third count of the counterclaim for violations of CUTPA because FreshNex is not engaged in the trade or commerce of preparing business plans. A plaintiff must allege that the acts complained of were performed in a trade or business. Quimby v.Kimberly Clark Corp., supra, 28 Conn. App. 669. The third count of the counterclaim lacks this essential allegation. Viewed in the light most favorable to sustaining its legal sufficiency, the CUTPA counterclaim fails to allege facts sufficient to show that FreshNex is in the business of paying for or preparing business plans. Connecticut National Bank v.Douglas, supra, 221 Conn. 536. Therefore, FreshNex's motion to strike the third count of the counterclaim is granted.
 CONCLUSION
For the reasons set forth above, the motion to strike the first special defense is granted and the motion to strike the third count of the counterclaim is also granted. Otherwise, the motion to strike is denied.
So Ordered at New Haven, Connecticut this 19th day of January, 2001.
Devlin, J